■ In the Matter of CHARLES ROBERT, Appellant, v ROBERT LoCICERO et al., Respondents. [813 NYS2d 214]—

In a proceeding pursuant to CPLR article 78, inter alia, to compel production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Roberto, J.), entered September 10, 2004, as denied his request for in camera review of certain documents and for the production of those documents, and granted the cross motion of Robert LoCicero and Thomas Litsky for a permanent injunction enjoining him from bringing any further related proceeding in any name other than Charles Robert.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*) (hereinafter FOIL), the petitioner, Charles Robert, sought certain documents from the Office of the Attorney General of the State of New York (hereinafter the AG) and the New York State Department of Health (hereinafter the DOH). The respondents replied that there were no responsive documents or that responsive documents were exempt from production pursuant to the provisions of FOIL.

The Supreme Court properly declined to compel production of the withheld documents for the purpose of conducting an in camera review. Where an agency's response to a FOIL petition is sufficient, a court need not burden itself by conducting either a hearing or an in camera inspection of the records that the agency contends are exempt from production (*see Matter of Smith v Capasso,* 200 AD2d 502 [1994]; *Matter of Ahlers v Dillon,* 143 AD2d 225, 226 [1988]; *see also Matter of Rattley v New York City Police Dept.,* 96 NY2d 873, 875 [2001]). Here, the affirmations submitted by the AG and the DOH demonstrated that the requested documents either did not exist or were exempt from disclosure. Therefore, the AG and the DOH demonstrated that they fully complied with FOIL (*see Matter of Powell v Bernhardt,* 19 AD3d 307 [2005]).

The petitioner's remaining contentions are without merit. Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.