■ In the Matter of CATSKILL REGIONAL OFF-TRACK BETTING CORPORATION, Respondent, v STATE OF NEW YORK RACING AND WAGERING BOARD, Appellant. [818 NYS2d 560]—

In a proceeding pursuant to CPLR article 78 to review determinations of the State of New York Racing and Wagering Board dated April 21, 2003, and May 27, 2003, respectively, which, upon a request pursuant to the Freedom of Information Law (Public Officers Law art 6), released certain documents, the State of New York Racing and Wagering Board appeals from so much of an order and judgment (one paper) of the Supreme Court, Orange County (McGuirk, J.), dated September 8, 2004, as granted the petition to the extent of determining that certain documents were exempt from disclosure under the Freedom of Information Law, and denied its cross motion to dismiss the petition.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the determinations are confirmed, the petition is denied, and the proceeding is dismissed.

The Daily Racing Form, Inc. (hereinafter The Daily), a nonparty to this proceeding, sought certain information and documents by filing a request pursuant to the Freedom of Information Law (hereinafter FOIL) (Public Officers Law art 6). The

administrative proceedings culminated, inter alia, in the determinations of the State of New York Racing and Wagering Board (hereinafter the Board), dated April 21, 2003, and May 27, 2003, respectively, which, in essence, required the release by the Board of certain—but not all—of the records sought by The Daily.

Following commencement by The Daily of a related CPLR article 78 proceeding in the Supreme Court, New York County, in May 2003, the instant proceeding was commenced in July 2003 in the Supreme Court, Orange County, by the petitioner, Catskill Regional Off-Track Betting Corporation (hereinafter Catskill) in which it sought "judgment reversing in relevant part" the determinations of the Board dated April 21, 2003 and May 27, 2003, respectively, upon the ground that the documents to be produced by the Board, which related to the finances and business practices of Catskill, were exempt under FOIL. The Board moved to dismiss the proceeding. The Supreme Court determined that certain documents sought by The Daily were exempt from disclosure and denied the Board's cross motion to dismiss the petition. We reverse.

Public Officers Law § 89 (5) (e) provides that "[t]he person requesting an exception [exemption] from disclosure pursuant to this subdivision shall in all proceedings have the burden of proving entitlement to the exception" (*see Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145 [1999]; *Matter of Sunset Energy Fleet v New York State Dept. of Envtl. Conservation*, 285 AD2d 865 [2001]). The "person" (Public Officers Law 89 [5] [e]) requesting the exception in this instance was Catskill. Exceptions to accessibility are to be narrowly construed (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267 [1996]). Contrary to the findings of the Supreme Court that certain of the documents were "exempt" (and therefore not subject to disclosure pursuant to The Daily's FOIL request), Catskill failed to discharge its burden of proving that the requested information fell squarely within the subject exceptions (*see Daily Gazette Co. v City of Schenectady, supra*; *Sunset Energy Fleet v New York State Dept. of Envtl. Conservation, supra*). Accordingly, the Supreme Court erred in determining that certain of the subject documents were exempt from disclosure and in denying the Board's cross motion.

The Board's remaining contentions have either been rendered academic or are without merit. Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.