■ In the Matter of PARK RIDGE NEIGHBORHOOD ASSOCIATION et al., Petitioners, v ERIN M. CROTTY et al., Respondents. (Proceeding No. 1.) In the Matter of WESTCHESTER COUNTRY CLUB, INC., et al., Appellants, v ERIN M. CROTTY et al., Respondents. (Proceeding No. 2.) [832 NYS2d 653]—

In two related proceedings pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation dated July 11, 2005, which granted a waiver of water quality certification in connection with an application by Atlantic Development, LLC, to fill federally-regulated wetlands, Westchester Country Club, Inc., and Harrison-Rye Realty Corp. appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Nicolai, J.), dated September 14, 2005, as denied the petition in proceeding No. 2, dismissed proceeding No.2, and vacated a temporary restraining order of the same court dated August 18, 2005, enjoining Atlantic Development, LLC, Iliana Gardens, LLC, Collin Estates, LLC, Sunshine Properties of Westchester, LLC, and Michael DeMartino, and their agents, servants, and employees from proceeding with any work on parcels designated as Blocks 12, 13, and 14 on Westchester County Tax Map No. 3322 until September 15, 2005.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs payable by the respondents

appearing separately and filing separate briefs, the petition in proceeding No. 2 is granted, the determination is annulled, and Atlantic Development, LLC, Iliana Gardens, LLC, Collin Estates, LLC, Sunshine Properties of Westchester, LLC, and Michael DeMartino, and their agents, servants, and employees are enjoined from proceeding with any work on parcels designated as Blocks 12, 13, and 14 on Westchester County Tax Map No. 3322 pending the issuance of a water quality certification by the New York State Department of Environmental Conservation.

The regulations of the New York State Department of Environmental Conservation (hereinafter the Department) that govern the Department's response to requests for water quality certifications under section 401 of the Clean Water Act (33 USC § 1341 [a] [1]) provide that the applicant for such a permit "must apply for *and obtain* a water quality certification from the department" (6 NYCRR 608.9 [a] [emphasis supplied]). Although the applicable federal statute allows a state to which permitting authority under the Clean Water Act [formerly the Federal Water Pollution Control Act] has been delegated to grant a waiver of water quality certification (*see* 33 USC § 1341 [a]), the Department's regulations, by which it is bound (*see Matter of Frick v Bahou*, 56 NY2d 777, 778 [1982]; *Matter of Steck v Jorling*, 219 AD2d 727, 729 [1995]), do not. The Department's argument that its regulations require water quality certification only where the waters in issue fall within its jurisdiction under the Freshwater Wetlands Act (ECL art 24) is inconsistent with the terms of the regulation, pursuant to which the certification requirement applies to any permit "that may result in any discharge into navigable waters as defined in section 502 of the Federal Water Pollution Control Act" (6 NYCRR 608.9 [a]). In addition, although the regulations authorize the Department to grant statewide water quality certifications in certain circumstances, they provide for no such certification, and no exemption or other such relief, on the ground that the wetland in issue is not subject to the Department's jurisdiction by virtue of federal jurisdiction over the wetland (*see* 6 NYCRR 608.9 [b]; *cf.* 6 NYCRR 608.9 [a]). The Department was without authority to grant the waiver at issue. Accordingly, the petition in proceeding No. 2 should have been granted and the determination granting the waiver of water quality certification should have been annulled. In light of this determination, it is unnecessary for us to address the appellants' contentions with respect to the applicability of the New York State Environmental Quality Review Act (ECL art 8) to such a determination. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.