[921 NE2d 592, 893 NYS2d 825]

In the Matter of WEST HARLEM BUSINESS GROUP, Respondent, v EMPIRE STATE DEVELOPMENT CORPORATION, Appellant.

Argued November 17, 2009; decided December 15, 2009

## APPEARANCES OF COUNSEL

*Carter Ledyard & Milburn LLP*, New York City (*John R. Casolaro, Joseph M. Ryan, Susan B. Kalib* and *Ethan I. Strell* of counsel), for appellant.

*Norman H. Siegel*, New York City, *McLaughlin & Stern, LLP* (*Steven J. Hyman* of counsel), and *Philip R. Van Buren* for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.

Petitioner West Harlem Business Group (WHBG), an unincorporated association of businesses, made several requests under article 6 of the Public Officers Law, commonly referred to as the Freedom of Information Law (FOIL), relative to Columbia University's construction of a new 17-acre campus in West Harlem.

Only the third demand of the second FOIL request—which seeks certain documents from November 1, 2005 through June 15, 2006 relating to a July 2004 agreement between Columbia and respondent Empire State Development Corporation (ESDC)—is at issue here. ESDC refused to disclose any documents responsive to that demand, relying on the exemption set forth in Public Officers Law § 87 (2) (c) (i.e., disclosure "would impair present or imminent contract awards or collective bargaining negotiations"). On administrative appeal within its own agency, ESDC affirmed that determination, relying upon the same exemption.

WHBG then commenced this CPLR article 78 proceeding asserting, among other things, that ESDC failed to articulate a

particularized and specific justification for withholding the requested documents. ESDC moved to dismiss the petition claiming that it had fully complied with its obligations under FOIL and submitting a privilege log asserting that the documents were exempt either as intra- or inter-agency material or privileged attorney-client communications.

Supreme Court ordered an in camera review of all documents withheld by ESDC. In providing the documents to the court, however, ESDC failed to identify which documents fell within each particular exemption, asserting only that the documents were either nonresponsive, exempt intra- or inter-agency office records, or had been previously disclosed. Following its review of the documentation, and ESDC's concession that the previously submitted privilege log failed to address all the documents, Supreme Court created its own document log, divided the documents into Sections I through V, and then ordered disclosure of all those documents.

At issue on this appeal are five so-called "Section II" documents, identified by Supreme Court as "documents that are not intra or inter-agency and/or were disclosed to unidentified persons or non-agency individuals."* (2007 NY Slip Op 34369[U], *4.) The Appellate Division, as relevant to this appeal, affirmed that portion of Supreme Court's order and we now affirm.

At the outset, we note that this litigation could have been avoided, or significantly limited, had ESDC in the first instance complied with the dictates of FOIL. Its records access officer, upon receipt of the FOIL request, was duty-bound to conduct a "diligent search" of the records in its possession responsive to the request (see NY Dept of State, Comm on Open Govt, FOIL Advisory Op No. 4481 [1987]) and to state, in writing, the reason for the denial of access (see 21 NYCRR 1401.7 [b]). Here, the access officer relied on the statutory language of Public Officers Law § 87 (2) (c) as the basis for his denial; however, ESDC's appeals officer merely parroted the same language in her

---

* One Section II document—not at issue here—is an April 3, 2006 correspondence between ESDC and Allee King Rosen & Fleming, Inc. (AKRF), a consultant representing Columbia and ESDC relative to different parts of the project. The Appellate Division upheld that part of Supreme Court's order directing disclosure of that document on the ground that ESDC's communications with AKRF were not subject to FOIL's agency exemption (54 AD3d 154, 166 [2008]). ESDC did not appeal that determination and, instead, disclosed to WHBG all documents that ESDC disclosed to AKRF, rendering that issue moot. We therefore do not address that issue.

appeal denial letter. This, without more, constituted a failure by ESDC to "fully explain in writing" to WHBG "the reasons for further denial" as required by FOIL (Public Officers Law § 89 [4] [a]; *see* NY Dept of State, Comm on Open Govt, FOIL Advisory Op No. 4075 [1986]). As a result, WHBG was compelled to bring suit to obtain either the documents or an explanation of ESDC's denial, the very information it should have received during the administrative appeals process. Only then, in the context of this lawsuit, did ESDC claim that the documents sought were exempt under Public Officers Law § 87 (2) (a) and (g)—and not section 87 (2) (c) as originally claimed—evidencing that the access officer's initial determination was superficial, at best.

Addressing the merits, the courts below had an adequate basis in the record for rejecting ESDC's contention that the Section II documents at issue comprise exempt material under the agency exemption and/or the attorney-client privilege. As the agency relying on the applicability of those exemptions, ESDC had the burden of establishing that the Section II documents qualified as such (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 275 [1996], citing *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 109 [1992]). To do so, ESDC was required to "articulate particularized and specific justification" for not disclosing them (*Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]; *see Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007]). This it failed to do.

ESDC supported its motion to dismiss the petition with "conclusory characterizations" of the records sought which, Supreme Court was justified in finding, were insufficient to meet its burden of establishing that the documents are exempt from disclosure (*Church of Scientology of N.Y. v State of New York*, 46 NY2d 906, 907-908 [1979]). Had ESDC's response been sufficient in the first instance, Supreme Court would not have been required to conduct the exhaustive review that occurred here (*see Matter of Robert v LoCicero*, 28 AD3d 566, 567 [2d Dept 2006]). In response to Supreme Court's order to produce the documents for inspection, ESDC failed to submit the documentation in any semblance of order, but rather proffered the documents with the blanket caveat that they were either nonresponsive to the FOIL request, constituted intra- or interagency material, or had already been disclosed. None of the affidavits submitted by ESDC employees sufficiently identified the particular exemption to which the submitted records were

subject, leaving that task to Supreme Court. ESDC cannot now be heard to complain that Supreme Court improperly labeled the documents in the manner it did, as it is not the function of Supreme Court to apply the exemptions for the agency. Since ESDC failed to meet its burden of proof relative to the exemptions, Supreme Court properly ordered disclosure of the documents.

ESDC's remaining arguments relative to the Section I and Section IV documents are similarly without merit.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur; Chief Judge LIPPMAN taking no part.

Order, insofar as appealed from, affirmed, with costs, in a memorandum.