■ In the Matter of CANDIDO BAEZ, Appellant, v RICHARD A. BROWN, Queens County District Attorney, Respondent. [1 NYS3d 376]——

In a proceeding pursuant to CPLR article 78 to compel the production of certain material pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of litigation costs, the petitioner appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Weiss, J.), dated January 2, 2013, which, inter alia, denied those branches of the petition which were to compel the respondent to produce unredacted copies of certain documents which had previously been provided to the petitioner with redactions, color copies of certain photographs previously provided to the petitioner, color copies of photographs of the deceased victim in a related criminal action, certain material the production of which was denied by the respondent's Records Access Officer in a letter dated May 2, 2008, and certain material that was requested by the petitioner in a letter dated July 5, 2008, and for an award of litigation costs.

Ordered that the judgment is modified, on the law, (1) by deleting the provisions thereof denying those branches of the

petition which were to compel the respondent to produce unredacted copies of certain documents which had previously been provided to the petitioner with redactions, color copies of certain photographs previously provided to the petitioner, and color copies of photographs of the deceased victim in a related criminal action, and for an award of litigation costs, and substituting therefor provisions granting those branches of the petition, and (2) by deleting the provisions thereof denying those branches of the petition which were to compel the respondent to produce certain material the production of which was denied by the respondent's Records Access Officer in a letter dated May 2, 2008, and certain material that was requested by the petitioner in a letter dated July 5, 2008, and substituting therefor provisions granting those branches of the petition to the extent of requiring the respondent to make a diligent search for those materials, inform the petitioner of their status, and take any appropriate additional action with respect to them; as so modified, the judgment is affirmed insofar as appealed from, with costs to the petitioner, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

In March 2008, more than 18 years after he was sentenced upon his conviction of, inter alia, murder in the second degree, the petitioner, an inmate at the Sing Sing Correctional Facility, requested from the respondent, pursuant to the Freedom of Information Law (*see* Public Officers Law § 84 *et seq.* [hereinafter FOIL]), the disclosure of certain documents relating to his trial and conviction. Asserting that the response to his FOIL request was inadequate, the petitioner commenced this CPLR article 78 proceeding. In a judgment dated January 2, 2013, the Supreme Court, inter alia, denied those branches of the petition which were to compel the respondent to produce unredacted copies of certain documents which had previously been provided to the petitioner with redactions, color copies of certain photographs previously provided to the petitioner, color copies of photographs of the deceased victim, certain material the production of which was denied by the respondent's Records Access Officer (hereinafter the RAO) in a letter dated May 2, 2008, and certain material that was requested by the petitioner in a letter dated July 5, 2008, and for an award of litigation costs.

In a proceeding pursuant to CPLR article 78 to compel the production of material pursuant to FOIL, the agency denying access has the burden of demonstrating that the material requested falls within a statutory exemption, which exemptions are to be narrowly construed (*see* Public Officers Law § 89 [5]

[e], [f]; *Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d 882, 885 [2009]; *Matter of Data Tree, LLC v Romaine*, 9 NY3d 454, 462-463 [2007]; *Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]; *Matter of Verizon N.Y., Inc. v Mills*, 60 AD3d 958, 959 [2009]). This showing requires the entity resisting disclosure to "articulate a 'particularized and specific justification for denying access'" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012], quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]). "Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed" (*Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at 724). Because FOIL is "based on a presumption of access to the records" (*Matter of Data Tree, LLC v Romaine*, 9 NY3d at 462), "FOIL 'compels disclosure, not concealment'" wherever the agency fails to demonstrate that a statutory exemption applies (*id.* at 463, quoting *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 580 [1980]; *see Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492 [1994]).

In this case, in response to the petitioner's FOIL requests, the respondent provided the petitioner with certain documents that contained numerous redactions, and denied the petitioner's request for photographs of the deceased victim. The respondent based the redactions and the denial of the request for the photographs upon the "unwarranted invasion of personal privacy" statutory exemption (Public Officers Law § 87 [2] [b]). However, since the respondent failed to proffer more than conclusory assertions to support these claims, the Supreme Court erred in determining that the respondent met his burden of demonstrating that the redactions and denial of the request for the photographs of the deceased victim fell within this statutory exemption (*see* Public Officers Law § 89 [5] [e], [f]; *Matter of West Harlem Bus. Group v Empire State Dev. Corp.*, 13 NY3d at 885; *Matter of Cook v Nassau County Police Dept.*, 110 AD3d 718, 719 [2013]; *Matter of Verizon N.Y., Inc. v Mills*, 60 AD3d at 959).

The Supreme Court also erred in determining that the petitioner was not entitled to receive color copies of certain photographs that were disclosed to him. Public Officers Law § 86 (4) provides that photographs are records within the meaning of the statute, and section 87 (1) (b) of the statute requires an agency to provide copies or reproductions of records. Pursuant to Public Officers Law § 87 (1) (c) (ii), an agency may engage

an outside professional service to prepare a copy of a record if its information technology equipment is inadequate to prepare a copy. Applying these principles, we find that since the respondent did not claim he was unable to comply with the petitioner's request, FOIL requires him to provide the petitioner with color copies of all disclosable photographs in his possession.

Accordingly, the Supreme Court should have granted those branches of the petition which were to compel the respondent to provide unredacted copies of the documents previously provided to the petitioner, color copies of the photographs previously provided to the petitioner, and color copies of photographs of the deceased victim.

The Supreme Court also erred in denying that branch of the petition which was to compel the respondent to provide certain material, the production of which was denied by the RAO in a letter dated May 2, 2008. The RAO denied the request for the production of those materials based on her statement that "nothing in the case file met [the petitioner's] description of these items." However, when an agency is unable to locate documents properly requested under FOIL, the Public Officers Law requires the agency to "certify that it does not have possession of [a requested] record or that such record cannot be found after diligent search" (Public Officers Law § 89 [3] [a]; see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]). We find that the RAO's statement did not constitute an adequate certification. In addition, the respondent did not respond to the petitioner's disclosure requests contained in a letter dated July 5, 2008. The Supreme Court therefore should have granted those branches of the petition which were to compel the respondent to produce certain material the production of which was denied by the RAO in a letter dated May 2, 2008, and certain material that was requested by the petitioner in a letter dated July 5, 2008, to the extent of requiring the respondent to make a diligent search for those materials, inform the petitioner of their status, and take any appropriate additional action with respect to them.

A court may award litigation costs to a petitioner in a CPLR article 78 proceeding to review the denial of a FOIL request where the petitioner has "substantially prevailed" in the proceeding, and "(i) the agency had no reasonable basis for denying access; or (ii) the agency failed to respond to a request or appeal within the statutory time" (Public Officers Law § 89 [4] [c]). In light of our determination, the petitioner is entitled to recover the costs of bringing this proceeding, as he substantially prevailed in this proceeding and the respondent had no

reasonable basis for denying access to many of the documents requested. We therefore remit this matter to the Supreme Court, Queens County, for a hearing to determine the amount of the petitioner's costs for bringing this proceeding.

The petitioner's remaining contentions are without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur. ■