■ In the Matter of KYLE PRALL, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTIONS et al., Respondents. [10 NYS3d 332]—

In a proceeding pursuant to CPLR article 78 to review a determination of Nadene M. Pinnock, the Records Appeal Officer of the New York City Department of Correction, dated January 4, 2012, which denied the petitioner's administrative appeal seeking the disclosure of certain documents under the Freedom of Information Law (Public Officers Law § 84 *et seq.*), the petitioner appeals from a judgment of the Supreme Court, Queens County (Gavrin, J.), dated May 23, 2013, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner, through his company, Citizens Information Associates, LLC, operates a website that displays photographs of individuals who have been arrested, and charges a $68 fee in exchange for removing a photograph from the website. In September 2011, the petitioner made a Freedom of Information Law (Public Officers Law § 84 *et seq.* [hereinafter FOIL]) request to the New York City Department of Correction, sued herein as the New York City Department of Corrections (hereinafter the DOC), for, inter alia, "Booking Photos/Mugshots on every individual arrested by and/or booked into all of the

[DOC's] jails, prisons, detention and/or correctional facilities from August 1, 2011 to August 31, 2011," and for information concerning those individuals, including dates of birth and home addresses. In December 2011, Rosa Lugo, the Records Access Officer for the DOC, denied those portions of the petitioner's FOIL request based on a determination that the requested records fell within the statutory exemptions under Public Officers Law § 87 (2) (b) and (f). The petitioner challenged that determination in an administrative appeal. In a determination dated January 4, 2012, Nadene M. Pinnock, the Records Appeal Officer for the DOC, denied the petitioner's administrative appeal, affirming the determination of the Records Access Officer.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination dated January 4, 2012. In a judgment dated May 23, 2013, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals from the judgment.

In a proceeding pursuant to CPLR article 78 to compel the production of material pursuant to FOIL, the agency denying access has the burden of demonstrating that the material requested falls within a statutory exemption, which exemptions are to be narrowly construed (*see* Public Officers Law § 89 [5] [e]; *Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 158-159 [1999]; *Matter of Baez v Brown*, 124 AD3d 881 [2015]; *Matter of Catskill Regional Off-Track Betting Corp. v State of N.Y. Racing & Wagering Bd.*, 31 AD3d 540, 541 [2006]). "Thus, on the issue of whether a particular document is exempt from disclosure under the Freedom of Information Law, the oft-stated standard of review in CPLR article 78 proceedings, i.e., that the agency's determination will not be set aside unless arbitrary or capricious or without rational basis, is not applicable" (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 109 AD2d 92, 94 [1985], *affd* 67 NY2d 562 [1986]; *see Matter of New York Comm. for Occupational Safety & Health v Bloomberg*, 72 AD3d 153, 158 [2010]). Thus, in this proceeding, the Supreme Court erred in applying the "arbitrary and capricious" standard. Nevertheless, reversal is not warranted on this ground where, as here, the Supreme Court, in effect, correctly determined that the DOC met its burden of establishing that the records at issue fell within the statutory exemptions under Public Officers Law § 87 (2) (b) and (f) (*cf. Matter of New York Comm. for Occupational Safety & Health v Bloomberg*, 72 AD3d at 158-159).

The agency's burden of demonstrating that the material requested falls within a statutory exemption "requires the

[agency] to 'articulate a "particularized and specific justification for denying access" ' " (*Matter of Baez v Brown*, 124 AD3d 881, 883 [2015], quoting *Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722, 724 [2012], quoting *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d at 566). " 'Conclusory assertions that certain records fall within a statutory exemption are not sufficient; evidentiary support is needed' " (*Matter of Baez v Brown*, 124 AD3d at 883, quoting *Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d at 724).

Pursuant to Public Officers Law § 87 (2) (b), an agency "may deny access to records" where disclosure "would constitute an unwarranted invasion of personal privacy under the provisions of [Public Officers Law § 89 (2) (b)]." "[W]here none of the [exemptions under Public Officers Law § 89 (2) (b) are] applicable, a court 'must decide whether any invasion of privacy . . . is "unwarranted" by balancing the privacy interests at stake against the public interest in disclosure of the information' " (*Matter of Harbatkin v New York City Dept. of Records & Info. Servs.*, 19 NY3d 373, 380 [2012], quoting *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]).

Here, the DOC proffered only conclusory assertions that denial of the requested records "would result in economic or personal hardship to the subject party," which was insufficient to demonstrate the applicability of Public Officers Law § 89 (2) (b) (iv) (*see Matter of Baez v Brown*, 124 AD3d 881 [2015]; *Matter of Jaronczyk v Mangano*, 121 AD3d 995, 996 [2014]). The DOC also failed to establish that any individuals received an express or implied promise of confidentiality from it, as required to demonstrate the applicability of Public Officers Law § 89 (2) (b) (v) (*see Matter of Johnson v New York City Police Dept.*, 257 AD2d 343, 348 [1999]).

In view of the DOC's failure to demonstrate the applicability of any exemptions under Public Officers Law § 89 (2) (b), this Court must determine whether disclosure would constitute an "unwarranted invasion of personal privacy" by " 'balancing the privacy interests at stake against the public interest in disclosure of the information' " (*Matter of Harbatkin v New York City Dept. of Records & Info. Servs.*, 19 NY3d at 380, quoting *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d at 485). Here, the petitioner has not set forth any direct public interest in disclosure of the records at issue, which were sought for the sole purpose of posting personal information and photographs of individuals currently or formerly in the custody

of the DOC on a website that collects payment in exchange for removing the photographs. On the other hand, the record reflects that the privacy interests of numerous individuals are implicated, including those individuals who were ultimately acquitted of any criminal charges and adolescents between the ages of 16 and 18 who are presently or were in the custody of the DOC. Consequently, under the particular circumstances of this case, a balancing of the privacy interests at stake against any public interest in disclosure necessitates a determination that disclosure of the records at issue would constitute an "unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]; *see Matter of Massaro v New York State Thruway Auth.*, 111 AD3d 1001, 1003 [2013]; *Matter of Investigation Tech., LLC v Horn*, 4 Misc 3d 1023[A], 2004 NY Slip Op 51010[U] [Sup Ct, NY County 2004]).

In any event, contrary to the petitioner's contention, the DOC also demonstrated that disclosure of the photographs "could endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]) and, thus, that the photographs were exempt from disclosure under Public Officers Law § 87 (2) (f) (*see Matter of Dilworth v Westchester County Dept. of Correction*, 93 AD3d 722 [2012]; *Matter of Bellamy v New York City Police Dept.*, 87 AD3d 874 [2011], *affd* 20 NY3d 1028 [2013]).

The parties' remaining contentions either need not be reached in light of our determination, are without merit, or are not properly before this Court.

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.