OPINION OF THE COURT
Debra Silber, J.
Petitioner Yoel Weisshaus petitions, pursuant to CPLR article 78, for an order: (1) vacating the decision of respondent Port Authority of New York and New Jersey (Port Authority) denying Weisshaus’s freedom of information (FOI) application; (2) directing the Port Authority to produce to Weisshaus the documents he sought in his freedom of information application; (3) directing the Port Authority to produce a privilege log of the documents it seeks to withhold and making the documents available for in camera inspection; and (4) imposing legal fees and costs, if applicable.
For the reasons which follow, the Port Authority is directed, pursuant to CPLR 7804 (e), to provide, in some evidentiary form, a sufficiently detailed description of the responsive documents claimed to fall within the agency exception in order to allow this court to make a meaningful determination as to whether the claimed exception applies. In addition, to the extent that the 2011 toll hikes were discussed at Port Authority meetings that were open to the public, the Port Authority should make the minutes of such meetings available to Weisshaus for copying or review.
*552 This CPLR article 78 proceeding arises out of the Port Authority’s denial of Weisshaus’s letter request, dated September 26, 2011, that the Port Authority disclose documents and records relating to the Port Authority’s decision to increase toll prices enacted on September 18, 2011. In the September 26, 2011 letter, Weisshaus stated, as is relevant here, that
“I HEREBY REQUEST full disclosure of all the information and meetings between the Port Authority . . . held on the subject decision to increase toll prices, which was enacted September 18, 2011. I HEREBY REQUEST that such full disclosure includes all the information communicated with New York State Governor Honorable Andrew Como [sic] and New Jersey Governor Honorable Chris Christie, to persuade them that such toll increase is just and reasonable. In addition, I HEREBY REQUEST full disclosure of the process, time, and manner that were used to work between the Port Authority and the governors to conclude that there are no other options but to increase [sic] toll price. “PLEASE TAKE NOTICE full disclosure consists of indentifying [sic] documents, emails and all type of evidence that include minutes and transcripts of topics and discussions that were held in connection with the foregoing request.”
The Port Authority first responded to Weisshaus’s request by way of a February 10, 2012 letter from its “FOI Administrator,” who stated that it was processing Weisshaus’s request for “copies of records communicated to Governor Andrew Cuomo and Chris Christie regarding the toll increase” and that Weisshaus would be advised in writing if responsive documents were located and if any of the records were exempt from disclosure pursuant to the “Port Authority Freedom of Information Policy.” In letters dated in May, June, July and August 2012, the FOI Administrator wrote to petitioner and stated that Weisshaus’s request would be processed under the Port Authority’s “Freedom of Information Code,” but that additional time was needed to process the request. Finally, in a letter dated November 24, 2014, the FOI Administrator stated that “[t]he materials responsive to your request, to the extent they exist, are exempt from disclosure pursuant to exemption (5) of the [Freedom of Information] Code as they would be inter-agency or intra-agency advisory, consultive or deliberative records.”
After receiving the November 24, 2014 denial letter, Weisshaus “appealed” the denial by sending a letter, dated Novem *553 ber 28, 2014, to the Port Authority’s General Counsel. After receiving no response to the November 28, 2014 letter, petitioner commenced this CPLR article 78 proceeding in March 2015. The Port Authority has since answered the petition and, in its opposition papers, asserts that it is entitled to dismissal of the petition.
The Port Authority was created in 1921 as a bistate public authority by an interstate compact between the States of New York and New Jersey (L 1921, ch 154; 1921 NJ Laws, ch 151), which was approved by the Congress of the United States by joint resolution of August 23, 1921 (Pub Resolution No. 17, 42 US Stat 174) (Nash v Port Auth. of N.Y. & N.J., 298 AD2d 72, 73 [1st Dept 2002]; Faillace v Port Auth. of N.Y. & N.J., 130 AD2d 34, 35 [1st Dept 1987], lv denied 70 NY2d 613 [1987]). As a bistate agency, the Port Authority is not subject to the unilateral control of either state, and, as such, the concurrence of both New York and New Jersey is required to apply a particular law to the Port Authority (Hess v Port Authority Trans-Hudson Corporation, 513 US 30, 42 [1994]; King v Port Auth. of N.Y. & N.J., 909 F Supp 938, 944 [D NJ 1995], affd 106 F3d 385 [3d Cir 1996]; McKinney’s Uncons Laws of NY § 6408, as added by L 1921, ch 154, § 1; NJ Stat Ann § 32:1-8). Since, as of yet, no such concurrence has been reached with respect to application of New York’s Freedom of Information Law (FOIL) (see Public Officers Law art 6) nor New Jersey’s Open Public Records Act (OPRA) (NJ Stat Ann §§ 47:1A-1-47:1A-13),[1] OPRA and FOIL are currently inapplicable to the Port Authority (see Dittrich v Port Auth. of N.Y. & N.J., 2012 WL 4662213, 2012 NJ Super Unpub LEXIS 2254 [App Div, Oct. 4, 2012, No. A-1289-11T1]).
The Port Authority, however, has adopted bylaws creating its own freedom of information rules that, as is relevant here, were embodied in a Freedom of Information Policy and Procedure (FOP) that was in effect from May 2008 through April 2012, and a Freedom of Information Code (FOC) that was in effect from April 2012 through December 2014. The bylaws adopting the FOP indicate that the Port Authority’s freedom of information policy was intended to be consistent with New York’s FOIL and New Jersey’s OPRA. While the bylaws relating to the adoption of the FOC do not expressly state that the *554 FOC was intended to be consistent with FOIL or OPRA, the bylaws express that the FOC was adopted with a goal of providing “greater transparency in governance,” and was adopted, inter alia, after review of the requirements of FOIL and OPRA (Access to Port Authority Records — Ensuring Open Public Records — Port Authority Freedom of Information Code, Committee on Operations, Minutes of Special Meeting, Mar. 29, 2012 at 38, available at http://www.panynj.gov/corporate-information/ pdfispecial_ops_minutes_mar_29_2012.pdf [hereinafter Minutes of Special Meeting]). The disclosure requirements of the FOC and its exemptions are similar to those contained in FOIL and OPRA (Public Officers Law § 87 [2]; NJ Stat Ann § 47:1A-1.1). Indeed, both the FOP and the FOC provide that all records of the Port Authority “shall be” made available for public inspection and/or copying and only provide that such access “may be denied” if the records fall within certain enumerated exceptions. The FOP and the FOC’s requirements relating to access to records and exemptions to that access, at least those relevant here, are essentially the same, and since the Port Authority applied the FOC in reviewing Weisshaus’s records request, the court will review the petition under the FOC standards.
Weisshaus’s petition is properly before this court. In 1950, the legislatures of both New York and New Jersey enacted legislation waiving the Port Authority’s sovereign immunity (Uncons Laws §§ 7101-7112, as added by L 1950, ch 301, §§ 1-12; NJ Stat Ann § 32:1-157; see Matter of New York City Asbestos Litig., 24 NY3d 275, 278 [2014]; Santiago v New York & N.J. Port Auth., 429 NJ Super 150, 158-159, 57 A3d 54, 59 [App Div 2012], certification denied 214 NJ 175, 68 A3d 890 [2013]). The proceedings before the agency are also final, as the FOC does not provide for an agency appeals process, and expressly provides that the determination of the FOI Administrator (apparently acting as the “Secretary’s designee” here) are final and that a person denied access to a record “may, therefore, seek such judicial recourse as may be available in either State” (Minutes of Special Meeting at 42).[2]
*555 In reviewing the actions of the Port Authority, courts apply the same standards as are applied in reviewing the actions of administrative agencies (see Matter of Mapp v Burnham, 8 NY3d 999, 1000 [2007]; In re Alleged Improper Practice Under Section XI, Paragraph A[d] of the Port Auth. Labor Relations Instruction, 194 NJ 314, 330-332, 944 A2d 611, 621-622 [2008], cert denied sub nom. Port Auth. Police Benev. Assn., Inc. v Port Auth. of N.Y. & N.J., 555 US 1069 [2008]). In New York, the procedural mechanism for reviewing agency actions is under CPLR article 78, which abolished the procedure of the former common-law writs of mandamus, certiorari, and prohibition, but retained their substantive law (Matter of Newbrand v City of Yonkers, 285 NY 164, 174-175 [1941]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:l at 29-30 [2008 ed]). The Port Authority, in opposing the petition, argues that its denial of disclosure should be reviewed under the arbitrary and capricious standard of review. By referring to this standard, the Port Authority is, in effect, suggesting that this proceeding should be considered as a writ of mandamus to review, which writ involves the review of discretionary agency determinations that, unlike certiorari, do not involve review of quasi-judicial administrative hearings (see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758 [1991]). The standard of review in a mandamus to review proceeding “is whether the agency determination was arbitrary and capricious or affected by an error of law” (see Matter of Scherbyn, 77 NY2d at 758; CPLR 7803 [3]). This may or may not be the correct standard (see In re Alleged Improper Practice Under Section XI, Paragraph A[d] of the Port Auth. Labor Relations Instruction, 194 NJ at 331, 944 A2d at 622; but see Matter of Prall v New York City Dept. of Corr., 129 AD3d 734, 735 [2d Dept 2015] [arbitrary and capricious standard does not apply to FOIL]; Matter of New York Comm. for Occupational Safety & Health v Bloomberg, 72 AD3d 153, 158 [1st Dept 2010]; see also Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 406 [1st Dept 2013] [“Review of a FOIL determination does not provide for mandamus relief”], lv dismissed 21 NY3d 930 [2013], lv denied 22 NY3d 854 [2013]).
The governing standard need not be determined at this time, however, because, even assuming the petition is governed by the arbitrary and capricious standard, the Port Authority’s answer and affirmations submitted in opposition to the peti *556 tion fail to provide a factual basis allowing this court to conclude that it properly exercised its discretion in denying Weisshaus’s records request.
In opposing the petition, the Port Authority relies on an affirmation of its Freedom of Information Administrator, Danny Ng, who stated, with respect to the denial of petitioner’s request, that
“[ajfter collection from all relevant departments and through thorough review under the new [Freedom of Information] Code, it was determined that all documents responsive to Request 12737 fell squarely with exemption 5 of the new Code, as they were inter-agency or intra-agency records and communications among the Port Authority, the Governors of the States of New York and New Jersey and The Board of Commissioners” (Ng aff ][ 13).
In reviewing the Port Authority’s denial, the court returns to the language of the FOC, which provides that all records of the Port Authority “shall be made available for public inspection and/or copying, except that such access or copying may be denied as to Records or portions of Records which” fall within certain exceptions (Minutes of Special Meeting at 39). The FOC exception to disclosure relied upon by the Port Authority here, provides that the Port Authority may deny access where the records:
“5. are inter-agency or intra-agency advisory, consultative or deliberative Records, such as recommendations and communications to or from, and discussions among the members of the Board of Commissioners, the Governors of the States of New York and New Jersey and the Port Authority (or the staffs of the foregoing); and inter-agency or intra-agency memoranda, draft reports and presentations, or e-mail messages, which are not statistical or factual tabulations of data, with instructions to staff that affect the public or final agency policy or determinations not exempted” (Minutes of Special Meeting at 40).[3]
*557 This exception contained in the FOC contains no suggestion that it was intended to operate in a manner distinct from the interagency and intra-agency exception (agency exception) that is contained in both FOIL and OPRA, which incorporate the federal common-law deliberative process privilege (see Public Officers Law § 87 [2] [g]; NJ Stat Ann § 47:1A-1.1; Education Law Ctr. v New Jersey Dept. of Educ., 198 NJ 274, 284-285, 966 A2d 1054, 1060 [2009]; National Council of La Raza v Department of Justice, 411 F3d 350, 356 [2d Cir 2005]). “The interagency and intraagency exemption applies to records that are deliberative, i.e., communications exchanged for discussion purposes not constituting final policy decisions” (Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984 [3d Dept 2009] [internal quotation marks omitted], lv denied 12 NY3d 712 [2009]; Education Law Ctr., 198 NJ at 285-287, 966 A2d at 1061-1062). The purpose of this exemption is to “permit people within an agency to exchange opinions, advice and criticism freely and frankly, without the chilling prospect of public disclosure” (Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 488 [2005]; Education Law Ctr., 198 NJ at 285-287, 966 A2d at 1061-1062). Like FOIL, the FOC provides that agency records containing factual or statistical tabulations or instructions to staff that affect the public do not fall within the exception (Matter of Miller, 58 AD3d at 985; Public Officers Law § 87 [2] [g] [i], [ii]).
Given the language of Weisshaus’s request, which asks for, among other things, “all the information communicated with New York State Governor Honorable Andrew Como [sic] and New Jersey Governor Honorable Chris Christie, to persuade them that such toll increase is just and reasonable,” many of the records requested may fall within the agency exception. Weisshaus’s request is broad in scope,[4] however, and includes a request for minutes of meetings relating to the toll increase at issue. As the Port Authority’s meetings are generally required *558 to be open to the public (Uncons Laws § 6416-A; NJ Stat Ann §§ 32:1-6.1, 32:1-6.2), the minutes of open meetings would not fall within the agency exception (see Laramie Riv. Conservation Council v Dinger, 567 P2d 731, 732-734 [Wyo 1977]).
The Port Authority, however, has not addressed its denial relating to the request for meeting minutes, nor provided any evidentiary basis to support its assertion that all of the records it gathered fall within the exception, other than the above quoted conclusory assertions of its Freedom of Information Administrator. Without any details relating to what the documents are or what they contain, this court can make no independent determination as to whether the responsive documents fall within the agency exception, or instead are covered by the exceptions to the exception, for factual or statistical material or instructions to staff affecting the public. The Port Authority, in asserting that it bears no obligation to provide a privilege log, in essence, erroneously claims that it bears no obligation to provide evidentiary support for its position that the documents fall within the agency exception because its only obligations arise out of its voluntarily created FOC.
In the FOIL context, the agency must provide specific and particularized justification for not disclosing the material and provide evidentiary support for its position (see Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 885-886 [2009]; Matter of Prall, 129 AD3d at 735-736). As such, under FOIL, an agency cannot simply quote the language of an exception without enumerating or describing the documents (see Matter of Rose v Albany County Dist. Attorney’s Off., 111 AD3d 1123, 1126 [3d Dept 2013]; Matter of DJL Rest. Corp. v Department of Bldgs, of City of N.Y., 273 AD2d 167, 168-169 [1st Dept 2000]). Rather, the agency must sufficiently describe the documents in order to allow the court to determine the applicability of the exception at issue, or provide the court with representative documents for in camera review (Matter of West Harlem Bus. Group, 13 NY3d at 885-886; Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]; Matter of Rose, 111 AD3d at 1126; cf. Matter of Smith v Capasso, 200 AD2d 502, 502 [1st Dept 1994] [in camera review unnecessary where agency provided sufficiently detailed basis to support claim of exemption], lv denied 83 NY2d 756 [1994]). OPRA imposes similar obligations on the agency (see Newark Morning Leger Co. v New Jersey Sports & Exposition Auth., 423 NJ Super 140, 162, 31 A3d 623, 636 [App Div 2011]). This court *559 finds the Port Authority bears a similar responsibility to provide a factual basis for asserting that the responsive documents fall within the agency exception in this proceeding. Concededly, OPRA and FOIL impose burdens of proof on agencies in the context of court review of denials of access (see Public Officers Law § 89 [5] [e]; NJ Stat Ann § 47:lA-6) and the FOC imposes no such express burden on the Port Authority. Nevertheless, the FOC, like OPRA and FOIL, decrees that the Port Authority’s records “shall” be made available for review and/or copying, and the limits on such disclosure are only contained in exceptions. A claim that an exception applies is therefor akin to the assertion of a privilege. With respect to privileges, it is the party asserting the privilege who bears the burden of demonstrating its applicability (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]; Matter of Priest v Hennessy, 51 NY2d 62, 69 [1980]). It is therefor logical that the burden should likewise be placed on the Port Authority to demonstrate the applicability of an exception to the FOC’s disclosure requirements.
In addition, the FOC expressly provides for court review of the Port Authority’s determinations in response to requests for information, and, in doing so, does not provide any express limitations on the court’s review functions. In order for this court to perform the review function specified, it cannot blindly accept the conclusory assertion of the Freedom of Information Administrator that the documents fall within the agency exception (see Securities & Exch. Commn. v Collins & Aikman Corp., 256 FRD 403, 416 [SD NY 2009]). As one court wrote with respect to the burden of demonstrating an attorney client privilege, “[t]hat burden is not, of course, discharged by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed” (In re Bonanno, 344 F2d 830, 833 [2d Cir 1965]; see also Matter of Community Synagogue v Bates, 1 NY2d 445, 454-455 [1956]).
The court also notes that the determination as to whether the documents are agency documents involves no special expertise of the Port Authority, and that, as such, its determination of whether the documents fall within the exception is owed no special deference and does not preclude independent review by the court (see Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 109 AD2d 92, 94 [3d Dept 1985], affd 67 NY2d 562 [1986]; Matter of Harvey v Hynes, 174 Misc 2d 174, *560 179 [Sup Ct, Kings County 1997]; see also Matter of Ovadia v Office of the Indus. Bd. of Appeals, 19 NY3d 138, 144 n 5 [2012]; Matter of Industrial Liaison Comm. of Niagara Falls Area Chamber of Commerce v Williams, 72 NY2d 137, 143-144 [1988]; In re Hearn, 417 NJ Super 289, 298-299, 9 A3d 1032, 1037-1038 [App Div 2010]). Without some evidentiary detail regarding the contents of the records at issue, the court also cannot determine whether the Port Authority complied with its own rules in denying access to the records (see Matter of Frick v Bahou, 56 NY2d 777, 778 [1982]; Matter of Park Ridge Neighborhood Assn. v Crotty, 38 AD3d 903, 904 [2d Dept 2007]; Matter of Church v Wing, 229 AD2d 1019, 1020 [4th Dept 1996]) and the ultimate question of “whether the agency determination was arbitrary and capricious or affected by an error of law” (see Matter of Scherbyn, 77 NY2d at 758; CPLR 7803 [3]). As the Port Authority has exclusive control of the records at issue and exclusive knowledge of their contents, the evidentiary burden of proving that the documents do not fall within the exception at issue cannot logically be placed on Weisshaus. Additionally, placing such an evidentiary burden on the Port Authority is consistent with CPLR 7804 (d), which requires the agency to provide a verified answer stating “pertinent and material facts showing the grounds of the respondent’s action complained of” and CPLR 7804 (e), which requires the agency to “serve and submit with the answer affidavits or other written proof showing such evidentiary facts as shall entitle him to a trial of any issue of fact” (see Matter of Aurigemma v New York State Dept. of Taxation & Fin., 128 AD3d 1235, 1238-1239 [3d Dept 2015]).
The Port Authority also asserts that the instant petition is in some way an attempt to circumvent a stay of discovery issued in a federal action brought by Weisshaus against the Port Authority. Since, like FOIL, the status of the requester under the FOC is irrevelant, the existence of the discovery stay is irrevelant to whether Weisshaus is entitled to the requested records pursuant to the FOC (see Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 80-81 [1984]). In any event, Weisshaus indicated at oral argument that the FOIL claims in the federal action were withdrawn by him voluntarily so he could pursue them in state court.
In sum, given that the very nature of Weisshaus’s request suggests that many of the responsive records or documents may in fact fall within the agency exception, the court finds it *561 inappropriate to grant the petition despite the conclusory nature of the Port Authority’s responsive papers (cf. Van Wormer v Planning Bd. of Town of Richland, 158 AD2d 995, 995 [4th Dept 1990]). Rather, the court exercises its authority under CPLR 7804 (e) (see Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7804:6 at 673 [2008 ed]) to require the Port Authority to remedy the defect with its responsive papers and provide, in some evidentiary form, a sufficiently detailed description of the responsive documents claimed to fall within the agency exception in order to allow this court to make a meaningful determination as to whether the exception applies (see Matter of West Harlem Bus. Group, 13 NY3d at 885; Matter of Robert v LoCicero, 28 AD3d 566, 567 [2d Dept 2006]). If the Port Authority cannot produce a sufficiently detailed description of the documents, an in camera review of the documents may be required (id.; Matter of Gould, 89 NY2d at 275).[5]
As noted above, to the extent that the subject toll increase was discussed at meetings open to the public, the agency exception would not apply to the meeting minutes requested by Weisshaus, and those minutes should be made available to Weisshaus for inspection and/or copying.
In conclusion, respondent is directed to supplement its answer to this article 78 petition in accordance with this decision and order, and send a copy of the papers to petitioner and to the court on or before September 17, 2015. Petitioner may respond to the supplemental submission by sending his reply papers to respondent and to the court by October 22, 2015. This matter shall be re-calendared for oral argument on November 5, 2015, before the undersigned. If a hearing is determined to be required, it will be scheduled at that time.

. New York has recently taken a step towards making FOIL and OPRA applicable to the Port Authority (Uncons Laws § 6416-B, as added by L 2015, ch 12, § 1), but it does not appear that New Jersey has acted as of yet.

. The court notes that the Port Authority has not objected to venue, and, in any event, it would appear that venue is proper in Kings County (Uncons Law § 7106; see Velez v Port Auth. of N.Y. & N.J., 111 AD3d 449, 450 [1st Dept 2013]; Port Auth. of N.Y. & N.J. v American Warehousing of N.Y., Inc., 2004 WL 2584886, *1, 2004 US Dist LEXIS 23121, *1-3 [SD NY, Nov. 10, 2004, No. 04 Civ 60092-GEL]).

. The FOP required that the Port Authority “shall” provide access to all records except, as relevant here, records that “are inter-agency or intraagency records other than statistical or factual tabulations of data, provided that instructions to staff that affect the public or final agency policy or determinations may not be excepted.” The court finds that the additional descriptive or definitional language contained in the FOC’s exception does *557 not alter the scope of the interagency or intra-agency exception (see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d 652, 657-658 [2012]; Public Officers Law § 86 [3]). The court notes that, given the bistate nature of the Port Authority, the interagency/intra-agency exception must be intended to apply to agencies and governmental offices of both New York and New Jersey (cf. Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d at 657-658 [limiting the scope of FOIL’S interagency exception to New York agencies and governmental offices]).

. The court notes that the Port Authority, in rejecting Weisshaus’s request and in opposing the petition, has made no assertion that Weisshaus’s request is overbroad.

. The court notes that the production of a detailed description of the documents would not appear to impose a significant burden on the Port Authority, as it produced a privilege log relating to what would appear to be many of the documents sought here in opposing a discovery request at issue in a recent federal action brought by the Automobile Club of New York, Inc. against the Port Authority (see Automobile Club of N.Y., Inc. v Port Auth. of N.Y. & N.J., 2015 WL 3404111, 2015 US Dist LEXIS 68484 [SD NY, May 27, 2015, No. 11 Civ 6746 (RKE)]; Automobile Club of N.Y., Inc. v Port Auth. of N.Y. & N.J., 2014 WL 2518959, 2014 US Dist LEXIS 77040 [SD NY, June 4, 2014, No. 11 Civ 6746 (RKE)(HBP)]).