Matter of Reiburn v New York City Dept. of Parks & Recreation (2019 NY Slip Op 03295)





Matter of Reiburn v New York City Dept. of Parks & Recreation


2019 NY Slip Op 03295


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Gesmer, Kern, Singh, JJ.


100532/18 -1725

[*1] In re Sandy Reiburn, et al., Petitioners-Appellants-Respondents,
v
New York City Department of Parks and Recreation, Respondent-Respondent-Appellant.


Michael S. Gruen, New York, for appellants-respondents.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 17, 2018, which granted the petition to the extent of ordering respondent to produce an unredacted copy of the "Fort Greene Park Historic Resource and Management and Operations Study" report (the report) prepared for respondent by Nancy Owens Studio LLC (Owens Studio), unanimously modified, on the law, to remand the matter to Supreme Court for further proceedings to determine petitioners' request for counsel fees, and otherwise affirmed, without costs.
Supreme Court correctly held that respondent failed to meet its burden of showing that the intra-agency materials exemption applies, and properly directed respondent to produce an unredacted copy of the subject report (see Public Officers Law [POL] § 87[2][g]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462 [2007]). In particular, respondent failed to establish that it retained Owens Studio for purposes of preparing the report, a necessary prerequisite for invocation of the intra-agency materials exemption for documents prepared by an outside consultant (see Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133 [1985]; Matter of Rauh v de Blasio, 161 AD3d 120, 125 [1st Dept 2018]). The affidavit submitted by respondent on this point is on its face conclusory. The fragmentary documents to which respondent's affiant points demonstrate only that Owens Studio was retained to perform some work. They do not on their face establish that respondent retained Owens Studio to prepare the subject study and report, nor establish what Owens Studio was retained to do, nor, in particular, establish that respondent itself, as opposed to some other entity, retained Owens Studio to prepare the report (see Rauh, 161 AD3d at 125; Matter of Tuck-It-Away Assoc., L.P. v Empire State Dev. Corp., 54 AD3d 154, 163 [1st Dept 2008], affd sub nom West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882 [2009]).
However, the court failed to address petitioners' request for an award of reasonable attorneys' fees. As the Court of Appeals has noted, the Freedom of Information Law (FOIL) "is based on a presumption of access in accordance with the underlying premise that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [2017] [internal quotation marks omitted]). In a FOIL proceeding, the court
"(i) may assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, and when the agency failed to respond to a request or appeal within the statutory time; and (ii) shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person [*2]in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (POL 89[4][c]).
The attorneys' fees provision of FOIL was amended, effective December 13, 2017, to provide that the court "shall" award counsel fees where the agency has no basis for denying access to the material sought. The legislative history of the recent amendment notes that "[o]ften, people simply cannot afford to take a government agency to trial to exercise their right to access public information," and that an award of attorney's fees is intended to "encourage compliance with FOIL and to minimize the burdens of cost and time from bringing a judicial proceeding" (2017 New York Assembly Bill A2750, New York Two Hundred Fortieth Legislative Session).
Here, Supreme Court failed to address petitioners' request for counsel fees at all, including making a finding as to whether respondent had a reasonable basis to deny access to an unredacted
copy of the report at issue. Accordingly, we remit the matter to Supreme Court to address petitioners' request for counsel fees. M - 1725 - Sandy Reiburn v New York City Department of Parks & Recreation
Motion to enlarge the record denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK