Matter of Liang v Nassau County Off. of Consumer Affairs (2019 NY Slip Op 07251)





Matter of Liang v Nassau County Off. of Consumer Affairs


2019 NY Slip Op 07251


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-03955
 (Index No. 3426/17)

[*1]In the Matter of Biwen Liang, appellant,
v
Nassau County Office of Consumer Affairs, respondent.


Rahman Legal, New York, NY (Hashim Rahman of counsel), for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi Marie Kunzig and Robert F. Van der Waag of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 6, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof denying the petition in its entirety and, in effect, dismissing the proceeding, and substituting therefor a provision granting the petition only to the extent of directing the release of the previously omitted pages from the license application file of Home Beyond Center, LLC, which pages shall include the unredacted written responses to questions relating to judgments, in accordance herewith; as so modified, the judgment is affirmed, without costs or disbursements.
The petitioner submitted a request to the respondent, the Nassau County Office of Consumer Affairs, pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), seeking certain records pertaining to Home Beyond Center, LLC. The petitioner subsequently commenced this CPLR article 78 proceeding, alleging that, although the respondent had provided some records that were responsive to her request, the respondent had improperly redacted home addresses and telephone numbers contained in some of those documents and had improperly withheld other responsive documents without justification. The petition alleged that although the respondent produced several licensing applications completed by Home Beyond Center, LLC, it did not produce double-sided copies of the applications. Accordingly, the petition alleged that the "reverse sides" of the pages of the applications were missing and improperly withheld.
In its response to the petition, the respondent provided the previously omitted "reverse sides" of the pages of the applications. However, the written answers to the questions on these pages of the applications were completely redacted. The respondent contended that this information was properly redacted because it contained information relating to, among other things, "judgments," pending actions, pending criminal charges, criminal convictions, and child support. The respondent argued that the disclosure of such information would constitute an unwarranted invasion of personal privacy.
In a judgment entered February 6, 2018, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
FOIL requires government agencies to "make available for public inspection and copying all records," subject to a number of exemptions (Public Officers Law § 87[2]). One such exemption permits an agency to deny access to records that "if disclosed would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]). Public Officers Law § 89(2)(b) provides that "[a]n unwarranted invasion of personal privacy includes, but shall not be limited to" seven specified kinds of disclosure (see Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 380). Where none of the seven specifications is applicable, a court "must decide whether any invasion of privacy . . . is unwarranted' by balancing the privacy interests at stake against the public interest in disclosure of the information" (Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 485; see Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d at 380).
Here, the respondent failed to demonstrate that the redactions of information contained in the license application file of Home Beyond Center, LLC, relating to "judgments" should be exempt from disclosure as an "unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]; see Matter of Baez v Brown, 124 AD3d 881). However, the respondent did establish that the other redacted information contained on the "reverse sides" of the previously omitted application pages was properly redacted, as the disclosure of such information would, under the circumstances of this case, constitute an "unwarranted invasion of personal privacy" (Public Officers Law § 87[2][b]).
The petitioner's remaining contentions are without merit.
Accordingly, we modify the judgment so as to grant the petition only to the extent of directing the release of the previously omitted pages from the license application file of Home Beyond Center, LLC, which pages shall include the unredacted written responses to questions relating to judgments, and otherwise deny the petition.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court