In the Matter of MANUFACTURERS TRUST COMPANY, Respondent, against ROLLIN BROWNE et al., Constituting the State Tax Commission, Appellants.

In the Matter of the Application to STATE TAX COMMISSION of CHATHAM PHENIX NATIONAL BANK & TRUST COMPANY.

First Department, March 23, 1945.

*Irving Galt* of counsel (*Orrin G. Judd* with him on the brief; *Nathaniel L. Goldstein, Attorney-General*), for appellants.

*Perry A. Hull* of counsel (*Gerard I. Walters* and *David Barnett* with him on the brief; *Newman & Bisco,* attorneys), for respondent.

COHN, J.. The proceeding pending before the State Tax Commission is one for revision instituted by petitioner, Manufacturers Trust Company, under section 219-zz of article 9-C of the Tax Law for the purpose of showing that, contrary to the laws of the United States, a franchise tax levied upon petitioner's predecessor, Chatham Phenix National Bank & Trust Company, for the year 1930 was assessed at a higher rate than that levied upon the other forty-nine institutions and was therefore invalid. The Federal statute which was allegedly violated (U. S. Rev. Stat., § 5219, as amd. by 44 U. S. Stat. 223; U. S. Code, tit. 12, § 548, subd. 1, par. [c]) authorizes State taxation of the net income of national banks at a rate no greater than that assessed upon other financial corporations.

To establish its contention that there was unlawful discrimination against Chatham, petitioner at the hearings in the revision proceeding had requested the Tax Commission to introduce into evidence franchise tax returns filed by these forty-nine corporations for the year 1930. The returns sought were purportedly filed under the provisions of articles 9 and 9-A of the Tax Law having to do with franchise taxes on insurance companies and business corporations. Such returns were subject to the secrecy provisions found in those articles (§ 202; § 219-i [now § 211, subd. 9]). Because of the provisions of immunity from disclosure, the demand to produce was refused. Then followed a proceeding by petitioner in the Supreme Court to compel their production.

No answer was interposed by defendants to the petition but a cross motion was filed to dismiss for insufficiency. In granting in part the relief requested in the petition and in denying the cross motion the Special Term ruled that " under the relevant statutes (Tax Law, secs. 202 and 219-i [now § 211, subd. 9]) the court clearly has the power to permit the use of the tax reports in question * * * to the extent necessary to establish the rate of tax, gross income and net income of the institutions in question."

Section 202 of article 9 of the Tax Law, which relates to taxes on corporations, provides as follows: " § 202. *Secrecy required of officials; penalty for violation.* 1. Except in accordance with proper judicial order or as otherwise provided by law, it shall be unlawful for any tax commissioner, any officer or employee of the department of taxation and finance, or any person who, pursuant to this section, is permitted to inspect any report, or to whom any information contained in any report is furnished, to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report under this article. The officers charged with the custody of such reports shall not be required to produce any of them or evidence of anything contained in them in any action or proceeding in any court, except on behalf of the state or the tax commission in an action or proceeding under the provisions of this chapter to which it is a party, or on behalf of any party to any action or proceeding under the provisions of this article when the reports or facts shown thereby are directly involved in such action or proceeding, in either of which events the court may require the production of, and may admit in evidence, so much of said reports or of the facts shown thereby, as are pertinent to the action or proceeding and no more. Nothing herein shall be construed to prohibit the delivery to a corporation or its duly authorized representative of a copy of any report filed by it, nor to prohibit the publication of statistics so classified as to prevent the identification of particular reports and the items thereof, or the publication of delinquent lists showing the names of taxpayers who have failed to pay their taxes at the time and in the manner provided by section one hundred ninety-seven together with any relevant information which in the opinion of the tax commission may assist in the collection of such delinquent taxes; or the inspection by the attorney-general or other legal representatives of the state of the report of any corporation which shall bring action to set aside or review the tax based thereon, or against whom an action or proceeding

has been instituted in accordance with the provisions of section one hundred ninety-nine or two hundred three of this article; or the inspection of the reports of any corporation by the comptroller or duly designated officer or employee of the state department of audit and control, for purposes of the audit of a refund of any tax paid by such corporation under this article.

" 2. Any offense against the foregoing provisions shall be punished by a fine not exceeding one thousand dollars or by imprisonment not exceeding one year, or both, at the discretion of the court and if the offender be an officer or employee of the state he shall be dismissed from office and be incapable of holding any public office in this state for a period of five years thereafter.

" 3. Notwithstanding any provisions of this section the tax commission may exchange with the taxing officials of any other states or of the federal government such information contained in the franchise tax reports filed under this article as it may consider proper, provided such other states or the federal government grant like privileges to the state of New York, and provided such information is to be used for tax purposes only; and provided further that such commission may furnish any municipality with any such information for use in any certiorari or condemnation proceeding." Practically identical provisions of the Tax Law relating to franchise taxes appear in article 9-A, section 211, subdivision 9 (formerly § 219-i) (L. 1944, ch. 415, §§ 1, 2).

In our view there is no provision in either section of the statute which can sustain the order appealed from. The very first sentence of subdivision 1 of the quoted statute provides a broad prohibition against the publication of the tax reports or their contents for all purposes. There it is declared that " Except in accordance with proper judicial order or as otherwise provided by law," no one is permitted to divulge the contents of the tax reports filed. In the succeeding sentences of subdivision 1 and in subdivision 3 are stated subtractions from the blanket prohibition in the form of specific exemptions where disclosure is permitted. They include such instances as publication of delinquent lists, inspection by State officials who are authorized to bring an action to set aside or review the tax, exchanging information with other States or with the Federal government and furnishing information to municipalities for use in certiorari or condemnation proceedings. Petitioner concedes that none of the exceptions set forth in the statute is applicable to it. However, it contends that the order

is authorized under the first sentence which provides for disclosure in accordance "with proper judicial order." The Legislature, petitioner argues, has thus granted unlimited discretion to the courts to decide when and where and to what extent disclosure of tax returns shall be permitted (except where the disclosure is to be made in any court, in which event the language of the second sentence of subdivision 1 is to control).

We do not concur in this interpretation of the statute. " Proper judicial order " refers to an order which becomes necessary or may become necessary to give effect to the exceptions contained in the statute itself. It would also authorize an order for publicity in a proceeding in which the integrity of the report itself, is attacked, as, for example, in a criminal prosecution for a crime such as forgery or perjury arising out of a false report. This rule was enunciated by this court in *Matter of People* v. *Johnson & Co.* (213 App. Div. 402, May, 1925). In that case it was held that in a proceeding before condemnation commissioners to condemn land of a corporation the court could not on application of the State compel the State Tax Commission to produce the franchise tax returns of the corporation for the purpose of showing admissions against interest made by the corporation in such returns. There, in considering the language of the first sentence in section 219-i of the Tax Law (now § 211, subd. 9), which language is almost identical with that employed in its counterpart (§ 202, subd. 1), Mr. Justice DOWLING (later Presiding Justice), at pages 404–405, said: " The question then resolves itself into the meaning of the words ' proper judicial order,' which is the first general class of exemptions from the strict policy of secrecy enjoined by the statute. I am of the opinion that the order therein referred to is one made by the court which becomes necessary in the actions or proceedings set forth in items b, c and d of the statute [instances in which the information obtained from tax reports are by the statute permitted to be disclosed], where the publicity of the report is an inevitable incident to, and consequence of, the judicial proceeding, which would be valueless and ineffective without the publicity of the report, which must attend the determination of the issue and be an essential factor therein. * * *

" To permit the use of such reports in an ordinary case is to destroy the secrecy attaching to them and to break down the protection which the statute gives to taxpayers in the disclosure of their most intimate business affairs to the taxing power."

The Tax Law (§ 202 and former § 219-i) has since been amended by adding to each section the second sentence of subdivision 1 (L. 1934, ch. 415, §§ 1, 2). This addition provides that the tax officers may not be required to produce tax returns in any action or proceeding in any court " except on behalf of the state or the tax commission in an action or proceeding under the provisions of this chapter to which it is a party, or on behalf of any party. to any action or proceeding under the provisions of this article when the reports or facts shown thereby are directly involved in such action or proceeding * * *." In no wise has this amendment affected the requirement that production of the contents of tax reports may be compelled by proper judicial order only in the instances permitted by the statute or where the integrity of the report itself is involved as the main issue. The statute has also been amended to permit the use of tax reports for the purpose prohibited in the *Johnson* case (L. 1936, ch. 380). Since 1925 the Legislature has made other changes in section 202 (L. 1939, ch. 21, § 1) and what was formerly section 219-i (now § 211, subd. 9) (L. 1934, ch. 415, § 2; L. 1937, ch. 219; L. 1939, ch. 21, § 2; L. 1944, ch. 415). Nonetheless, the wording of the first sentence of the statute interpreted in the *Johnson* case has not been materially modified. Indeed, similar language insuring secrecy to the taxpayer who files a return is still to be found in other State tax statutes (cf. Tax Law, § 384, Personal Incomes; § 437, Alcoholic Beverages; § 465, Milk). Petitioner's application for an order directing the use as evidence in a revision proceeding, of confidential tax reports of forty-nine other corporations which are in no way involved, is not a case for the granting of a " proper judicial order."

Petitioner argues that the Legislature may not preclude the courts from exercising the power to direct publication of tax returns because such limitation would, in violation of the Constitution, unlawfully curb the functions of the judiciary. However, the object of the secrecy provisions is to assure every taxpayer making returns that the information therein contained will remain confidential and will be used only for the purpose of computing his tax. The statute indicates a legislative determination that such returns shall not be used as evidence in the ordinary case and shall not, without the taxpayer's consent, be employed for any purpose other than that stated in the statute. (*Brackett* v. *Commonwealth,* 223 Mass. 119, 126; *Bowman* v. *Montcalm Circuit Judge,* 129 Mich. 608, 610.) Such objective is wholly reasonable; the statute, as we interpret it,

is not violative of any constitutional provision and the Legislature may enact such rule. (*United States* v. *Dickey*, 268 U. S. 378, 386, 387; 1 Wigmore on Evidence [3d ed.]; § 7; *Andrews* v. *Cacchio*, 264 App. Div. 791, 792.)

It has uniformly been held that the Federal and State Governments have power to provide that returns made to their officers shall not be revealed by the officers. (*United States* v. *Dickey*, *supra*, at pp. 386, 387; *Boske* v. *Comingore*, 177 U. S. 459, 469, 470; *In re Valecia Condensed Milk Co.*, 240 F. 310, 314; *In re Reid*, 155 F. 933, 935; *Oklahoma Tax Commission* v. *Clendinning*, 143 P. 2d 143,146 [Okla.]; *Featherstone* v. *Norman*, 170 Ga. 370.) In *Oklahoma Tax Commission* v. *Clendinning* (*supra*) at page 146, the court in passing upon a similar statute summarized the pertinent principles as follows: " No one questions the power of the Legislature to so give tax returns this confidential and privileged status. Similar provisions are applied to income tax returns in the various states, and to federal income returns, and to various other reports and returns to the Federal Internal Revenue Department. It is not pointed out where any authority has ever denied the power to so provide. The meaning of our statute above quoted is unequivocal and it needs no construction. It means what it says and must be followed by all, including this court and the respondent District Judge. This act constitutes the state's compact and pledge to the taxpayer that his tax return shall be kept inviolate, confidential and privileged, and not disclosed to any one, nor in any manner, except as specifically authorized by the act itself, and will be used only for the purposes specifically provided."

For the foregoing reasons the order should be reversed, with twenty dollars costs and disbursements to the defendants-appellants, the motion denied and the cross motion of defendants granted.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements to the defendants-appellants, motion denied and the cross motion of defendants granted. Settle order on notice.