■ In the Matter of KLM ROYAL DUTCH AIRLINES, Respondent, v NEW YORK STATE TAX COMMISSION, Appellant. — Appeal, by permission,* from an order of the Supreme Court at Special Term (Hughes, J.), entered September 18, 1980 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to dismiss the petition. Petitioner KLM Royal Dutch Airlines (KLM), a corporation owned largely by the Dutch government, is primarily engaged in international air transportation. In July, 1974, the New York State Department of Taxation and Finance (department) issued notices of estimated deficiencies to KLM concerning franchise taxes claimed to be due pursuant to sections 183 and 184 of the Tax Law for the years 1971 through

* Although respondent initially filed a notice of appeal as of right, it moved for permission to appeal (CPLR 5701, subd [c]) upon the oral argument. We now grant that motion. Not only is the requested relief, in the nature of mandamus, a proper subject of an article 78 proceeding despite the absence of finality (see *Matter of Wishik v Dumpson,* 55 AD2d 593), but the minutes of the prehearing conference indicate the parties agreed that since the discovery issue was essential to a resolution of the controversy, they would seek judicial determination of that question at the earliest possible instance.

1973. The department maintains that KLM was not exempt from taxation as an entity engaged exclusively in foreign commerce, for it was involved in the local business of subleasing portions of its New York City office building and performing ground handling services for VIASA, another international airline, at Kennedy Airport. KLM's petitions to redetermine the deficiencies urged that the subleasing and ground handling activities were nontaxable incidents of its international business, and hence it was engaged solely in foreign commerce during the periods in question. It further contended that the department was discriminatorily enforcing the franchise tax laws against it in relation to other foreign airlines, thereby violating a treaty under which the United States and the Netherlands agreed not to subject companies of either country to taxes more burdensome than those borne by companies of third countries. To develop a firmer factual foundation for its discrimination claim, KLM then moved for an order directing the department to answer certain interrogatories and to produce certain documents. Among the requested items were specific tax returns filed by designated foreign airlines and related documents. Respondent New York State Tax Commission, relying on the statutory guarantee of privacy contained in section 202 of the Tax Law, declined to direct the department to furnish any specific information or documents regarding any of the airlines. It did, however, grant KLM's request for documents describing relevant department policies, practices and guidelines. KLM thereupon commenced this proceeding, seeking a judgment annulling the commission's determination and directing compliance with KLM's discovery notices. Special Term's denial of the commission's motion to dismiss the petition led to this appeal. Disclosure of tax returns filed by other similarly situated corporations has not been permitted even to support a charge of discriminatory taxation (*Matter of Manufacturers Trust Co. v Browne,* 269 App Div 108, affd 296 NY 549). KLM's contention that without the information it seeks it will be powerless to vindicate its rights guaranteed under Federal law and that, therefore, under the supremacy clause, section 202, a State statute, must yield, was implicitly rejected in *Matter of Manufacturers Trust Co. v Browne (supra).* Section 202 does not, however, interdict revelation of nonconfidential information. Here, much of the information sought can be disclosed without making known the identity of the other foreign airlines subject to the tax, their income or any particulars of their tax returns. Requiring the department to answer those interrogatories and to furnish those documents which do not require exposure of information contained in the tax returns themselves will not only protect the privacy rights of the other airlines but, at the same time, will enable KLM to acquire, if it exists, the proof necessary to establish its selective enforcement claim. The determination of whether a specific interrogatory or demand to produce necessitates divulgence of confidential information is one to be made by Special Term upon consideration of respondent's answer and disposition of the proceeding on the merits. Order modified, on the law, by reversing so much thereof as denied respondent's motion to dismiss the petition insofar as it seeks the production of tax returns, and motion granted with respect to such demand for relief, and, as so modified, affirmed, without costs. Sweeney, J. P., Casey, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J., dissents and votes to reverse in the following memorandum. Kane, J. (dissenting). I would reverse and dismiss the petition on jurisdictional grounds. The instant article 78 application seeks to review a nonfinal ruling made during the course of a pending administrative proceeding. In this regard, CPLR 7801 (subd 1) expressly provides that a determination must be "final" before being subjected to CPLR article 78 review. As stated by then Justice Jasen in *Matter of Amigone v State Liq. Auth.* (47 Misc 2d 809, 810): "It is well-

established law that it is not within the jurisdiction of this court to interfere in the procedure before an administrative agency in a pending matter in which the agency has been granted the authority by statute to hear and determine and in which the court by statute has the power to review [citations omitted] * * *. This court will not interfere in any pending matter properly before an administrative agency." However, at such time as the Tax Commission renders a final determination upon petitioner's application for redetermination, any error alleged to have been committed is subject to review pursuant to CPLR article 78 (*id.;* see, also, *Matter of Taibbi v New York State Liq. Auth.,* 48 AD2d 568, 571-572; cf. *Matter of Rainka v Whalen,* 73 AD2d 731, affd 51 NY2d 973).