OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the petitioner for an order directing compliance with a subpoena served upon respondent in the course of a tax appeals proceeding.
Petitioner provides programming by cable television to customers who subscribe to its service and has filed corporate tax returns with respondent pursuant to article 9-A of the Tax Law as a business corporation. On September 6, 1978, respondent notified petitioner that it was reclassifying petitioner, for corporation franchise tax purposes, from a general business corporation to a transportation and transmission corporation pursuant to article 9 of the Tax Law.
In September of 1980, respondent issued notices of deficiency with respect to franchise taxes claimed due from petitioner pursuant to article 9 of the Tax Law for the years 1976, 1977, 1978 and 1979. Upon receiving said notices of deficiency, the petitioner instituted a tax appeal, requesting redetermination of the deficiency assessments. Petitioner contends that it is not principally engaged in a transmission business as are telegraph and telephone cor *391 porations, but that it is principally engaged in the entertainment business as are television and radio broadcasters with whom petitioner is in competition.
Petitioner requested by means of a subpoena duces tecum served upon the respondent that respondent produce at a formal hearing copies of the redacted New York State corporate franchise tax returns filed by specific corporations which are engaged in businesses which compete with that of petitioner. The respondent refused to comply with the subpoena even after petitioner advised respondent that it could delete all information contained in the tax return except the name of the corporation filing the return and the form number of the return which indicates the filing status of the corporation (whether it’s an article 9 or 9-A corporation franchise tax return).
The respondent contends that section 202 of the Tax Law mandates that no particulars whatsoever may be divulged from petitioner’s competitors’ corporate franchise tax forms.
This court cannot agree with the contentions of the respondent. The information requested by petitioner, the taxpayer’s name and filing status, does not violate the secrecy provisions of section 202 of the Tax Law. Petitioner is not seeking disclosure of any proprietary taxpayer information as was the case in Matter of KLM Royal Dutch Airlines v New York State Tax Comm. (87 AD2d 902), relied upon by the respondent, and said information could be elicited by requiring the Tax Department to answer specific interrogatories as is suggested in the KLM case (supra).
The motion is granted to the extent that respondent is directed to produce a redacted return limited only to the name of the corporation and its filing status.