In the Matter of CAPITOL CABLEVISION SYSTEMS, INC., Respondent, v STATE TAX COMMISSION, Appellant.

Third Department, December 29, 1983

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Francis V. Dow* and *Peter J. Dooley* of counsel), for appellant.

*O'Connell & Aronowitz, P. C. (Neil H. Rivchin* of counsel), for respondent.

OPINION OF THE COURT

YESAWICH, JR., J.

Since its creation in 1966, petitioner, a cable television program supplier in the Albany area, has filed corporate tax returns as a business corporation under article 9-A of the Tax Law. On September 6, 1978, as a result of a routinely conducted audit of randomly selected returns, the Corporation Tax Bureau of the State Department of

Taxation and Finance informed petitioner that it had reclassified petitioner, for corporation franchise tax purposes, from a general business corporation to a transportation and transmission corporation and that petitioner was subject to franchise taxes under article 9 instead of article 9-A of the Tax Law. In September, 1980, the Corporation Tax Bureau issued notices of deficiency for taxes due under article 9 for the years 1976, 1977, 1978 and 1979. Petitioner appealed, contending that it is not principally engaged in the transmission business as telegraph and telephone corporations are, but is engaged instead in the entertainment business as are television and radio broadcasters and movie theaters and thus should be taxed as a general business corporation under article 9-A.

To secure evidence for use at a scheduled formal tax hearing substantiating its belief that the Tax Commission classifies television and radio broadcasters as article 9-A rather than article 9 corporations, petitioner served a subpoena duces tecum on the Tax Commission directing it to produce copies of the redacted tax returns of 33 specifically named corporations which petitioner asserts are its competitors. These returns were to be so redacted as to disclose only the corporation's name and whether it was filed pursuant to article 9 or 9-A. The Tax Commission, claiming that disclosure of a taxpayer's name and filing status violates the secrecy provisions of sections 202 and 211 of the Tax Law, refused to comply with the subpoena. Because the information sought by petitioner was said not to be proprietary taxpayer information, Special Term found these sections inapplicable and directed that the subpoena be complied with (119 Misc 2d 390). The Tax Commission has appealed.

Without deciding whether the information looked for here is indeed proprietary, we conclude that it is not pertinent and hence not discoverable. While sections 202 and 211 permit production of reports or the facts shown thereby in certain exceptional circumstances (*Matter of Manufacturers Trust Co. v Browne,* 269 App Div 108, 114, affd 296 NY 549; see *Matter of KLM Royal Dutch Airlines v New York State Tax Comm.,* 87 AD2d 902), the information sought must be pertinent to the action or proceeding.

For several reasons, the kind of tax returns that petitioner's self-described competitors use is not germane to this proceeding in which petitioner's own filing status is the issue. Initially, we note that the form of return employed by a taxpayer reveals only the taxpayer's opinion of his filing status. Whether petitioner's competitors filed correctly or incorrectly does not relieve petitioner from filing correctly. Furthermore, none of the corporations identified in the subpoena have been shown to be engaged in the same business as petitioner or even the transportation and transmission business at all. Finally, although petitioner in its brief undertakes to suggest that the subpoenaed documents may support a finding of discriminatory enforcement of the Tax Law, the petition itself charges the Tax Commission with no such malfeasance (*Matter of G & B Pub. Co. v Department of Taxation & Fin.*, 57 AD2d 18, 21, mot for lv to app den 42 NY2d 807).

The order should be reversed, on the law, with costs, and the motion denied.

MAHONEY, P. J., SWEENEY, MAIN and MIKOLL, JJ., concur.

Order reversed, on the law, with costs, and motion denied.