[668 NYS2d 76]

In the Matter of TARTAN OIL CORPORATION, Appellant, v STATE OF NEW YORK DEPARTMENT OF TAXATION AND FINANCE et al., Respondents.

Third Department, January 15, 1998

### APPEARANCES OF COUNSEL

*Kenneth L. Robinson,* Melville, for appellant.

*Dennis C. Vacco, Attorney-General,* Albany *(Frank K. Walsh* and *Peter G. Crary* of counsel), for State of New York Department of Taxation and Finance, respondent.

### OPINION OF THE COURT

WHITE, J.

The record discloses that in 1967 respondent Mel-Bern Service Center No. 6 Corporation[1] began operating a gasoline service station in the Village of Valley Stream, Nassau County. Mel-Bern obtained its gasoline from petitioner, its landlord and a gasoline distributor, which had agreed to pay Mel-Bern a commission on each gallon of gasoline purchased from it. In 1983, Mel-Bern commenced an action in Supreme Court, Nassau County, to recover commissions petitioner allegedly failed to pay it between 1974 and 1983. During the pretrial stages of this litigation, petitioner filed a Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) request with respondent Department of Taxation and Finance requesting "any and all documents, files, computer printouts, hearing transcripts, memorandum of law, affidavits, hearing exhibits, audit reports and other documents" relating to two audits the Department conducted of Mel-Bern's sales and use tax returns for the periods December 1, 1974 through November 30, 1977 and September 1, 1979 through August 31, 1983. The documents encompassed in this request included Mel-Bern's cash disbursement journal, cash receipts journal, check disbursement journal, purchase invoices, general ledger and a day book.

Petitioner's request was denied by the Department's Records Access Officer and, after an administrative appeal, by respondent Records Appeals Officer on the ground, insofar as relevant here, that the records are specifically exempted from

---

1. Respondents Melvin Karshan and Bernard Schwartz were the officers of Mel-Bern, which was dissolved by proclamation on September 25, 1991.

disclosure pursuant to Public Officers Law § 87 (2) (a).[2] Supreme Court agreed and dismissed the petition in this CPLR article 78 proceeding, prompting this appeal.

The purpose of FOIL is to shed light on governmental decisionmaking so that the electorate may make informed choices regarding governmental activities and to expose governmental waste, negligence and abuse (*see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.*, 87 NY2d 410, 416). Consistent with this purpose, all records of a public agency are presumptively open to public inspection and FOIL is to be liberally construed with its exceptions narrowly interpreted (*see, Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492). Guided by these maxims, we must construe Tax Law § 1146 (a) to determine if the records petitioner requested are specifically exempted from disclosure.

Tax Law § 1146 (a) prohibits the Department from disclosing any sales or use tax "return or report" filed with it except to certain designated entities. Petitioner argues that, inasmuch as the statute relates solely to returns and reports, it does not preclude the disclosure of the records it sought. While a literal construction of the statutory language supports petitioner, a statute must be read in a manner which furthers its object, spirit and purpose (*see, Matter of Allstate Ins. Co. v Shaw*, 52 NY2d 818, 820; *see also*, McKinney's Cons Laws of NY, Book 1, Statutes § 96). Thus, in *Matter of Newsday, Inc. v Sise* (71 NY2d 146, *cert denied* 486 US 1056), the Court of Appeals interpreted Judiciary Law § 509, which only shields juror questionnaires from disclosure, to also include records containing information obtained from the questionnaires since the obvious purpose of the statute is to provide a cloak of confidentiality for such information (*id.*, at 152; *see, Matter of Property Valuation Analysts v Williams*, 164 AD2d 131).

In our view a literal construction of Tax Law § 1146 (a) defeats its purpose, as it is recognized that a major purpose of tax secrecy statutes is to facilitate tax enforcement by encouraging taxpayers to make full and truthful declarations without fear that these statements will be revealed or used against them for other purposes (*see, Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force*, 44 NY2d 575, 580). Clearly, this purpose would be thwarted if materials and rec-

---

2. Public Officers Law § 87 (2) (a) provides that an agency may deny access to records that "are specifically exempted from disclosure by state or federal statute".

ords compiled by taxpayers in support of their returns and reports were subject to disclosure to those who are not statutorily deemed to have a legitimate interest in such information. We draw further support for the position that Tax Law § 1146 (a) is intended to shield tax records from disclosure by the fact that when it speaks of disclosure, it specifically limits it to a copy or a summary of any decision rendered after a hearing. Accordingly, we conclude that the records requested by petitioner fall within the protective shield afforded by Tax Law § 1146 (a) and, consequently, are not subject to disclosure under FOIL.

MIKOLL, J. P., CREW III, PETERS and CARPINELLO, JJ., concur.

Ordered that the judgment is affirmed, without costs.