*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 21, 2016                    522169
_____

In the Matter of MOODY'S
    CORPORATION AND
    SUBSIDIARIES,
                        Respondent-
                        Appellant,        MEMORANDUM AND ORDER

        v

NEW YORK STATE DEPARTMENT OF
    TAXATION AND FINANCE et al.,
                        Appellants-
                        Respondents.
_____

Calendar Date:  May 26, 2016

Before:  Lahtinen, J.P., Rose, Lynch, Clark and Aarons, JJ.

_____

        Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for appellants-respondents.

        Sutherland Asbill & Brennan LLP, New York City (Marc A. Simonetti of counsel), for respondent-appellant.

_____

Lynch, J.

        Cross appeal from a judgment of the Supreme Court (Elliott III, J.), entered September 11, 2015 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul two determinations of respondent Department of Taxation and Finance partially denying petitioner's Freedom of Information Law requests.

        Petitioner, a Delaware corporation headquartered in New York, operates a credit rating agency that analyzes financial

information and also generates and publishes opinions concerning debt instruments and securities (i.e., credit ratings) in press releases and on the Internet. In April 2014, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent Department of Taxation and Finance seeking all records "relating to the sourcing of credit rating receipts for tax years 2004 to present." By its June 2014 response, the Department's Record Access Office agreed to release certain documents, including petitioner's audit file, and identified 807 pages that were responsive but were withheld as exempt. When that office released the audit file in August 2014, five pages were released with redactions and 178 pages were withheld as exempt.

Petitioner filed administrative appeals challenging the Department's initial FOIL responses. By an August 2014 response, the Department's Records Appeals Officer (hereinafter ROA) reviewed the 807 pages of documents withheld in June 2014 and determined that three pages were blank and 12 were not responsive. Of the remaining 792 pages, the RAO released 68 without redactions and 13 redacted pages and upheld the determination withholding the remaining 711 pages. In a September 2014 determination regarding petitioner's audit file, the RAO upheld the redaction of the five pages, released an additional 26 pages without redactions and released an additional six redacted pages. The RAO upheld the determination to withhold the remaining 146 pages of documents.

In December 2014, petitioner commenced this CPLR article 78 proceeding to challenge the Department's August 2014 and September 2014 determinations. In response, the Department answered and submitted two privilege logs and all of the documents that had been withheld or redacted to Supreme Court for its review. The Department also submitted an affirmation by the RAO who advised that the Department had failed to include a five-page attachment to an email that was exempt from disclosure. In February 2015, petitioner served the Department with a notice to admit pursuant to CPLR 3123. Respondents served a response wherein they admitted and denied certain facts and objected to the relevancy of the remaining requests. Petitioner moved to strike the Department's response and for an order deeming its

requests to be admitted.  Supreme Court denied the motion to strike and, after conducting an in camera review of all the responsive documents, partially granted the petition.  More specifically, the court determined that an additional 13 unredacted pages and four redacted pages should have been provided and otherwise upheld the Department's FOIL response. Both petitioner and the Department now appeal.

Upon receipt of a FOIL request, an agency is "duty bound to conduct a diligent search of the records in its possession responsive to the request and to state, in writing, the reason for the denial of access" (Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 884 [2009] [internal quotation marks and citation omitted]; see Public Officers Law § 89 [3] [a]; [4] [a]; 21 NYCRR 1401.7 [b]).  The agency's response must not "merely parrot[]" the statutory language of the FOIL exemptions (Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d at 884), but must "adequately describe[] the documents withheld and set forth the reasons for withholding them" (Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984 [2009], lv denied 12 NY3d 712 [2009]; see Matter of Kaufman v New York State Dept. of Envtl. Conservation, 289 AD2d 826, 827 [2001]).  Where, as here, a party is challenging an administrative determination to withhold or redact documents that are responsive to a FOIL request, the proper procedure is to commence a CPLR article 78 proceeding where the agency's burden to "articulat[e] a particularized and specific justification for denying access" (Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1125 [2013] [internal quotation marks and citations omitted]) may be satisfied through the submission of the responsive documents with a privilege log (see Matter of Mazzone v New York State Dept. of Transp., 95 AD3d 1423, 1425 [2012]; Matter of Kaufman v New York State Dept. of Envtl. Conservation, 289 AD2d at 827).

Here, there is no reason for us to consider petitioner's claims with regard to the adequacy of the administrative responses because, by submitting the documents and the log for Supreme Court's review, the Department properly responded to petitioner's challenge pursuant to CPLR article 78 (see Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d at 1125;

Matter of Kaufman v New York State Dept. of Envtl. Conservation, 289 AD2d at 827). Further, while we agree with petitioner that, generally, judicial review of an administrative determination will be "limited to the grounds invoked by the agency at the time of its determination" (Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d at 1125), its claim that the Department raised new grounds in the CPLR article 78 proceeding is belied by the record. Moreover, this standard does not necessarily apply and such grounds may be considered where, as here, the privacy rights of a nonparty are at issue (see id.).

We next consider petitioner's challenge with regard to Supreme Court's determination that certain records were properly withheld or redacted under the statute. Our in camera review reveals that the responsive documents identified by the Department are emails, draft agreements, a final closing agreement, draft correspondence and correspondence from and regarding petitioner and nonparty taxpayers. Privilege Log F-02170 identifies documents regarding another taxpayer and Privilege Log F-02261 identifies documents regarding the Department's audit of petitioner. The Department asserted that many of the records were exempt pursuant to both Public Officers Law § 87 (2) (a) and (g). The former exemption provides that records that "are specifically exempted from disclosure by state or federal statute" are not subject to FOIL (Public Officers Law § 87 [2] [a]). In response to petitioner's FOIL request, respondents cited Tax Law § 211 as a basis to deny access to certain responsive documents. In relevant part, this statute provides that "it shall be unlawful for any tax commisioner, any officer or employee of the [Department], . . . or any person who[,] in any manner may acquire knowledge of the contents of a report filed pursuant to [Tax Law article 9-A], to divulge or make known in any manner the amount of income or any particulars set forth or disclosed in any report under [Tax Law article 9-A]" except that respondent Commissioner of Taxation and Finance "may . . . publish a copy or a summary of any determination or decision rendered after the formal hearing provided for in [Tax Law § 1089]" (Tax Law § 211 [8] [a]).

Based on our in camera review of the documents submitted to Supreme Court, we agree with Supreme Court's determination that

certain documents, or the redacted portions thereof, were properly withheld pursuant to Public Officers Law § 87 (2) (a). Contrary to petitioner's argument, the protections afforded by Tax Law § 211 (8) (a) are not limited to the return only. "The policy behind the [tax] secrecy provisions is twofold: to protect personal privacy interests in the information on a return, which may reveal information concerning a person's activities, associations and beliefs, and to encourage voluntary compliance with the tax laws by preventing use of return information to harm the reporting taxpayer" (Kooi v Chu, 129 AD2d 393, 395 [1987]; see Matter of New York State Dept. of Taxation & Fin. v New York State Dept. of Law, Statewide Organized Crime Task Force, 44 NY2d 575, 580 [1978]). As relevant here, the statute prohibits the disclosure of "any particulars" by any person who "is permitted to inspect" a return, receives "any information contained in any [return]" or who "in any manner may acquire knowledge of the contents of a [return]" (Tax Law § 211 [8] [a]). By its terms, therefore, the confidentially required by the statute necessarily extends to any document that reflects information included in a return. If we were to construe the statute to only protect the secrecy of the return, the purpose of the statute would not be served (see Matter of Tartan Oil Corp. v State of New York Dept. of Taxation & Fin., 239 AD2d 36 [1998] [construing analogous statute]), and we find, in particular, that Tax Law § 211 (8) (a) prohibits the Department from releasing an agreement made with another taxpayer (see Tax Law §§ 171 [18]; 210-A [11]). Further, we find that Supreme Court properly withheld from Privilege Log F-02170: tab Nos. 1-7, 15, 17, 19, 36, 53-54, 57-58, 61-89, 96-97, 100, 104, 112, 115, 121, 124, 126, 128, 131, 134-138, 140, 142-143, 155-160, 162, 170, 178-179, 181-182, 184, 187, 189, 191 and 276-277; and from Privilege Log F-02261: tab Nos. 12 and 48. Contrary to petitioner's arguments, where, as here, a document is exempt from disclosure pursuant to state statute, it may not be subjected to redaction (see Matter of Short v Board of Mgrs. of Nassau County Med. Ctr., 57 NY2d 399, 404-405 [1982]; Matter of MacKenzie v Seiden, 106 AD3d 1140, 1143 [2013]).

We also agree with Supreme Court's determination that certain documents were intra- or inter-agency materials and, thus, properly withheld pursuant to Public Officers Law § 87 (2) (g). This exemption applies to intra- or inter-agency materials

that are not "statistical or factual tabulations or data,"
"instructions to staff that affect the public" or "final agency
policy or determinations" (Public Officers Law § 87 [2] [g] [i],
[ii], [iii]; see Matter of M. Farbman & Sons v New York City
Health & Hosps. Corp., 62 NY2d 75, 83 [1984]).  The exemption
"applies to records that are deliberative, 'i.e., communications
exchanged for discussion purposes not constituting final policy
decisions'" (Matter of Miller v New York State Dept. of Transp.,
58 AD3d at 984, quoting Matter of Russo v Nassau County Community
Coll., 81 NY2d 690, 699 [1993]) and includes communications
shared between different agencies (e.g., the city and state
taxing authorities) in furtherance of the decision-making process
(see Matter of Marino v Pataki, 55 AD3d 1171, 1173 [2008]).  The
purpose of this exemption is "to protect the deliberative process
of the government by ensuring that person[nel] in an advisory
role will be able to express their opinions freely to agency
decision makers" (Matter of Smith v New York State Off. of the
Attorney Gen., 116 AD3d 1209, 1210 [2014] [internal quotation
marks, brackets and citation omitted], lv denied 24 NY3d 912
[2014]; see Matter of Xerox Corp. v Town of Webster, 65 NY2d 131,
132 [1985]).  The relative importance or significance of the
agency decision at issue is not a relevant consideration when
determining whether the exemption applies (see Matter of Smith v
New York State Off. of the Attorney Gen., 116 AD3d at 1212).

        Petitioner argues that the exemption was not applicable
because the documents withheld included final agency policy, in
particular, records regarding the position taken during audits
and with regard to one taxpayer; instructions to staff that
affect the public; and/or statistical or factual data (see Public
Officers Law § 87 [2] [g] [i], [ii], [iii]).  Contrary to
petitioner's argument, neither internal memoranda used to discuss
and advance a position pending negotiations with a party nor a
position taken during an audit can be characterized as a final
determination by an agency (see Matter of Kheel v Ravitch, 62
NY2d 1, 8 [1984]; Matter of Miller v New York State Div. of Human
Rights, 122 AD3d 431, 432 [2014]; Matter of Miller v New York
State Dept. of Transp., 58 AD3d at 984).  Rather, the opinions
and recommendations exchanged by agency personnel constitute
"predecisional material, prepared to assist an agency decision
maker . . . in arriving at his [or her] decision" (Matter of

Xerox Corp. v Town of Webster, 65 NY2d at 132; see Matter of
Stein v New York State Dept. of Transp., 25 AD3d 846, 847-848
[2006]).

Applying these standards during our in camera review of the
responsive documents, we are satisfied that Supreme Court
properly withheld or redacted portions of the following documents
as exempt pursuant to Public Officers Law § 87 (2) (g): Privilege
Log F-02170: tab Nos. 1-7, 10-15, 18, 20-49, 51-54, 61-88, 90-99,
101-103, 113-114, 117-125, 127-133, 139-142, 144-161, 166-177,
185-186, 188, 190-331, 333-365 and 367-373;[1] Privilege Log F-
02261: tab Nos. 1-2, 6-76 and 91-94.  We agree with petitioner's
claim that documents that were shared outside of the agency
should not have been exempted pursuant to Public Officers Law
§ 87 (2) (g) (see Matter of Miller v New York State Dept. of
Transp., 58 AD3d at 984-985).  Accordingly, although we do not
agree with Supreme Court's determination that the documents
provided within Privilege Log F-02170: tab Nos. 326, 327 and 331
were exempt pursuant to Public Officers Law § 87 (2) (g), because
the documents included material falling within the protection of
Tax Law § 211 (8), the court should have deemed each to be exempt
pursuant to Public Officers Law § 87 (2) (a).[2]

Respondents contend that Supreme Court should not have
directed it to release certain documents.[3]  We agree that Supreme
Court should not have directed the Department to release the

---

[1]  As set forth above, documents at Privilege Log F-02170:
tab Nos. 15, 36, 53, 54, 61-88, 96, 97, 121, 124, 128, 131, 140,
160, 170, 191, 276 and 277 were also exempt pursuant to Public
Officers Law § 87 (2) (a).

[2]  Upon its review of these documents also submitted at
Privilege Log F-02170: tab Nos. 137, 138 and 140, Supreme Court
determined that Public Officers Law § 87 (2) (a) and not Public
Officers Law § 87 (2) (g) was applicable.

[3]  Supreme Court did not express any basis for its
determination that the Department should have provided certain
documents in response to the FOIL request.

document provided at Privilege Log 02170: tab No. 16. This document is a memorandum wherein a Department employee proposes that an agency regulation be amended. In our view, this opinion, prepared to assist with governmental decision-making, is exempt from disclosure under FOIL (see Matter of Xerox Corp. v Town of Webster, 65 NY2d at 132). Similarly, we find that the document provided at Privilege Log 02170: tab Nos. 56 and 332 (same document), an intra-agency memorandum wherein an agency employee seeks approval of a tax determination made with respect to a taxpayer who is not a party to this proceeding, should not have been redacted, but was exempt from disclosure pursuant to Public Officers Law § 87 (2) (g). Moreover, to the extent that each involves information embraced within the protection of Tax Law § 211 (8) (a), these documents are also exempt from disclosure pursuant to Public Officers Law § 87 (2) (a). As set forth above, we find that Supreme Court should not have directed the disclosure of the agreement between a taxpayer who is not a party to this proceeding and the Department (Privilege Log 02170: tab Nos. 60 and 183) or the document explaining or referencing the agreement (Privilege Log 02170: tab Nos. 59 and 116). In our view, these documents are exempt pursuant to Public Officers Law § 87 (2) (a). As for Privilege Log 02261: tab No. 89, we agree with respondents that Supreme Court should have directed that the recommendation set forth in the paragraph preceding the redacted paragraph also be redacted prior to its release.

Finally, while a notice to admit is technically available in a special proceeding without leave of court (see CPLR 408; Stapleton Studios v City of New York, 7 AD3d 273, 274-275 [2004]; State of New York ex rel. H. v P., 90 AD2d 434, 427 n 2 [1982]), it is generally used only where there are issues of fact requiring a trial (see Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 408 at 405). Here, no trial was pending or warranted and petitioners sought admissions of facts that were either material to the central issues of the proceeding or not relevant to the proceeding. We thus agree that the notice to admit was improper and find that Supreme Court properly denied petitioners' motion to strike the Department's responses to the notice to admit (see 32nd Ave. LLC v Angelo Holding Corp., 134 AD3d 696, 698-699 [2015]; Kimmel v Paul, Weiss, Rifkind, Wharton & Garrison, 214

AD2d 453, 453 [1995]; Howlan v Rosol, 139 AD2d 799, 802 [1988]; Handy v Geften Realty, 129 AD2d 556, 557 [1987]).

We have considered the parties' remaining contentions and find them to either be without merit or, in light of the foregoing, not necessary to resolve.

Lahtinen, J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) ordered disclosure of Privilege Log 02170: tab Nos. 16, 56, 60, 116, 183 and 332, and (2) failed to redact a portion of Privilege Log F-02261: tab No. 89 as set forth herein, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court