The People of the State of New York et al., Respondents, v Sprint Communications Inc., Formerly Known as Sprint Nextel Corp., et al., Appellants. [49 NYS3d 654]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about July 6, 2016, which, insofar as appealed from, denied defendants' motion to compel the Attorney General to produce documents, unanimously modified, on the law, to grant the motion except as to the names of the taxpayers (other than defendants) filing sales tax returns and reports, without prejudice to seeking further redaction in the motion court, and otherwise affirmed, without costs.

To the extent defendants seek the production of documents

"sufficient to identify every provider of mobile telecommunications voice services . . . that has paid sales tax related to those services," the court correctly denied their motion to compel. Tax Law § 1146 (a) states: "Except in accordance with proper judicial order . . . it shall be unlawful for . . . any officer or employee of the department of taxation and finance . . . or any person who in any manner may acquire knowledge of the contents of a return or report filed with the tax commission pursuant to this article, to divulge or make known in any manner *any particulars set forth or disclosed in any such return or report.* The officers charged with the custody of such returns and reports shall not be required to produce any of them or *evidence of anything contained in them* in any action . . . in any court, except on behalf of the tax commission in an action . . . under the provisions of the tax law or in any other action . . . involving the collection of a tax due under this chapter to which the state . . . is a party . . . or on behalf of any party to any action . . . when *the returns, reports or facts shown thereby* are directly involved in such action . . . in any of which events the court . . . may require the production of . . . so much of said returns, reports or of the facts shown thereby, as are pertinent to the action . . . and no more. . . . Nothing herein shall be construed to prohibit . . . the publication of statistics so classified as to prevent the identification of particular returns or reports and the items thereof" (emphasis added).* Both a sales tax return and a sales tax report include the taxpayer's name.

As the Tax Law provides, one exception to the prohibition is disclosure *"on behalf of the tax commission* in an action . . . under the provisions of the tax law or in any other action . . . involving the collection of a tax due under this chapter to which the state . . . is a party" (Tax Law § 1146 [a] [emphasis added]). The third cause of action of the amended superseding complaint alleges violation of article 28 of the Tax Law, and the State is a party to this action. Nevertheless, in light of the structure of Tax Law § 1146 (a) (see discussion of the second exception, below) and the severe penalties for violating tax secrecy (*see* Tax Law § 1146 [f]), we accept the People's argument that this exception does not apply because DTF did not request disclosure.

As also set forth in the Tax Law, a further exception is for

---

* We need not defer to the New York State Department of Taxation and Finance's (DTF) interpretation of the statute, because this language "is plain and involves no special or technical words" (*Matter of Raganella v New York City Civ. Serv. Commn.*, 66 AD3d 441, 446 [1st Dept 2009]).

disclosure *"on behalf of any party* to any action . . . when the returns, reports or facts shown thereby are *directly involved* in such action" (§ 1146 [a] [emphasis added]). This exception does not apply because this action is about *defendants'* alleged underpayment of tax, and the facts shown in defendants' *competitors'* tax returns or reports are not directly involved *(see Matter of Manufacturers Trust Co. v Browne*, 269 App Div 108, 112-113 [1st Dept 1945], *affd* 296 NY 549 [1946]; *see also Matter of Capitol Cablevision Sys. v State Tax Commn.*, 98 AD2d 100, 102 [3d Dept 1983]).

As to defendants' remaining requests, a taxpayer's or DTF's opinions about debundling, the Mobile Telecommunications Sourcing Act, the 2002 amendments to the New York Tax Law, the 2002 Technical Services Bureau Memorandum, etc., are not "particulars set forth or disclosed in" a sales tax return or report, "evidence of anything contained in" such a document, or "facts shown" by such documents; therefore, Tax Law § 1146 (a) does not shield these items from disclosure *(see Matter of KLM Royal Dutch Airlines v New York State Tax Commn.*, 87 AD2d 902 [3d Dept 1982]).

*Matter of Tartan Oil Corp. v State of New York Dept. of Taxation & Fin.* (239 AD2d 36 [3d Dept 1998]), on which the People rely, is distinguishable. In that case, one company sought another company's "cash disbursement journal, cash receipts journal, check disbursement journal, purchase invoices, general ledger and a day book" for use in a lawsuit between the two companies *(id.* at 37). The Third Department observed that "a major purpose of tax secrecy statutes is to facilitate tax enforcement by encouraging taxpayers to make full and truthful declarations without fear that these statements will be revealed or used against them for other purposes" *(id.* at 38). In the case at bar, defendants do not seek to use other cell phone companies' views about debundling against them in private litigation; rather, defendants seek this information to defend themselves in a tax collection case brought by the People—a case, moreover, in which the People are relying, at least in part, on other cell phone companies' conduct to show that defendants' conduct was unreasonable.

The People claim that they will use only material obtained from third-party discovery and that they have disclosed those materials to defendants. However, the fact that the People have chosen to restrict the materials they will use to prosecute defendants does not mean that defendants must restrict the materials they will use to defend themselves. Moreover, defendants cannot obtain DTF's documents from third parties.

If a document that shows another cell phone company's or DTF's position about debundling, etc., happens to mention the other cell phone company's name, the People may not withhold the entire document. *Matter of Moody's Corp. & Subsidiaries v New York State Dept. of Taxation & Fin.* (141 AD3d 997 [3d Dept 2016]), on which the People rely, is distinguishable, because it is based on language specific to the Freedom of Information Law (*see Matter of Short v Board of Mgrs. of Nassau County Med. Ctr.*, 57 NY2d 399, 404-405 [1982]). Instead, the People should replace the taxpayers' names with "Cell Phone Company No. 1" and "Cell Phone Company No. 2," or the like. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.