Matter of Nix v New York State Div. of Criminal Justice Servs. (2018 NY Slip Op 08810)





Matter of Nix v New York State Div. of Criminal Justice Servs.


2018 NY Slip Op 08810


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND NEMOYER, JJ.


1228 CA 18-00015

[*1]IN THE MATTER OF MATTHEW NIX, PETITIONER-APPELLANT,
v
NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES, RESPONDENT-RESPONDENT. 






MICHAEL JOS. WITMER, ROCHESTER, FOR PETITIONER-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (ROBERT M. GOLDFARB OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered October 27, 2017 in a CPLR article 78 proceeding. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment that dismissed his CPLR article 78 petition seeking, inter alia, disclosure of certain documents pursuant to the Freedom of Information Law ([FOIL] Public Officers Law article 6). Petitioner, who was convicted in March 2017 in federal court on various offenses, sought the criminal history reports of certain prospective jurors at his criminal trial and records relating to any repository inquiry searches for those jurors. Respondent denied the FOIL request, and that determination was affirmed on administrative appeal. Supreme Court properly dismissed the petition. FOIL "requires government agencies to make available for public inspection and copying all records' subject to a number of exemptions" (Matter of Harbatkin v New York City Dept. of Records & Info. Servs., 19 NY3d 373, 379 [2012], quoting Public Officers Law § 87 [2]). Public agencies "must articulate particularized and specific justification' for not disclosing requested documents" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]).
To the extent that petitioner sought the criminal history reports, it is well settled that such reports are exempt from disclosure under FOIL (see Public Officers Law § 87 [2] [a]; Executive Law § 837 [6], [8]; Matter of Gerace v Mandel, 267 AD2d 386, 386 [2d Dept 1999]; Matter of Williams v Erie County Dist. Attorney, 255 AD2d 863, 864 [4th Dept 1998]). We agree with respondent that the records of the repository inquiry searches are also exempt from disclosure under FOIL inasmuch as they would constitute unwarranted invasions of personal privacy (see Public Officers Law § 87 [2] [a], [b]; Executive Law § 837 [8]). We further agree with respondent that the repository inquiry searches are also exempt from disclosure under Public Officers Law § 87 (2) (e) (i). The court thus properly dismissed the petition inasmuch as respondent's denial of petitioner's FOIL request was not affected by an error of law.
Petitioner's constitutional contentions were not raised in the petition and are thus not properly before us (see Matter of Krossber v Jackson, 263 AD2d 960, 961 [4th Dept 1999], lv denied 94 NY2d 756 [1999]). Contrary to petitioner's contention, the court properly dismissed his notice to admit. While a notice to admit may be used in a special proceeding (see CPLR 408), "it is generally used only where there are issues of fact requiring a trial" (Matter of Moody's Corp. & Subsidiaries v New York State Dept. of Taxation & Fin., 141 AD3d 997, 1004 [3d Dept 2016]). Here, the notice to admit was properly dismissed because "no trial was pending [*2]or warranted" (id.). We further conclude that the court did not abuse its discretion in dismissing the demand for interrogatories (see Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 857 [2d Dept 2015]). Petitioner failed to establish that the requested discovery was necessary to determine the merits of his FOIL request (see Matter of Hanlon v New York State Police, 133 AD3d 1265, 1266 [4th Dept 2015]; Bramble, 125 AD3d at 857). Finally, inasmuch as petitioner has not "substantially prevailed" in this proceeding to review the denial of his FOIL request, he is not entitled to attorney's fees (Public Officers Law § 89 [4] [former (c) (i)]).
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court