## Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision

2020 NY Slip Op 35578(U)

June 26, 2020

Supreme Court, Albany County

Docket Number: Index No. 907522-19

Judge: Christina L. Ryba

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK
SUPREME COURT            COUNTY OF ALBANY

_____

In the Matter of the Application of
APPELLATE ADVOCATES,

                                    Petitioner,

            -against-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION,

                                    Respondent.

_____

**DECISION/JUDGMENT**
Index No. 907522-19
RJI No. 01-19-ST0677

APPEARANCES:

LETITIA JAMES
Attorney General of the State of New York
Christopher Hummel, Esq. (Assistant Attorney General, of Counsel)
Attorney for Respondents
The Capitol
Albany, New York 12224-0341

Ron Lazebnik, Esq.
For Petitioner
Lincoln Square Legal Services Inc.
Fordham Law School
150 W 62nd St. FL 9
New York, New York 10023

RYBA J.,

Petitioner, a nonprofit public defender organization that represents criminal defendants who cannot afford counsel, made a request pursuant to Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) to respondent for certain documentation that it believed would provide insight into the process by which the New York State Board of Parole makes determinations relating to applications for parole release. The 18 demands set forth in the March 19, 2018 FOIL request sought documentation regarding a specific inmate's application for parole release and other more generalized documentation relating to the organizational, procedural and

reporting structure of the Board of Parole. Respondent's Records Access Officer provided responsive documents on a rolling basis, for a total of five responses containing approximately 1,500 pages of documents, along with an explanation of the reasons that certain documents had been withheld or redacted. Petitioner's administrative challenge to the response was unsuccessful, prompting petitioner to commence this CPLR Article 78 proceeding seeking to compel full compliance with its FOIL request by providing complete unredacted responses to all of its demands. Petitioner also seeks an award of attorney's fees. Prior to the service of respondent's answer, the parties executed a stipulation and order of partial settlement pursuant to which respondent disclosed an additional 400 responsive documents and petitioner discontinued all claims set forth in the petition, with the exception of its challenge to the remaining 11 documents which respondent continued to withhold in response to Section 12 of petitioner's FOIL request. Respondent has since answered the petition, providing the 11 disputed documents for the Court's *in camera* review, and the matter is now ripe for determination.

Section 12 of petitioner's FOIL request sought production of:

> Any and all records, documents, and files referencing or relating to compensation and performance of Board of Parole training, including but not limited to training polices, procedures, manuals, handbooks, and outlines received or created by Board of Parole commissioners, their employees, staff members, and agents.

In response to this request, respondent produced 119 pages of training materials and indicated that certain documents were being withheld pursuant to the FOIL exemptions for and inter/intra agency materials (see, Public Officers Law § 87 [2] [g]), and for materials specifically exempted by statute as protected by attorney-client privilege and attorney work product (see, CPLR 4503 [a]; CPLR 3101 [c]). The 11 responsive documents still being withheld by respondent consist of handouts, legal

[* 2]

memoranda and presentation slides prepared by staff attorneys employed by the Board of Parole's Counsel's Office. According to respondent, these 11 documents were prepared by staff attorneys for the purpose of furnishing advice to Board of Parole Commissioners on how to properly apply the law when conducting parole interviews and reaching parole determinations. Petitioner contends that respondent has failed to establish that the withheld documents fall within the FOIL exemptions for attorney-client privilege, attorney work product and/or inter/intra agency materials.

FOIL creates a broad standard of disclosure in order to ensure that the public is granted maximum access to government records (see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of NY at Farmingdale, 87 NY2d 410, 416 [1995]). Accordingly, government records are presumptively available to the public unless a statutory exemption applies (see, Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 34 [2013]; Matter of MacKenzie v Seiden, 106 AD3d 1140, 1141 [2013]; Matter of TJS of New York v New York State Dept. of Taxation & Fin., 89 AD3d 239, 241 [2011]). Courts must construe FOIL liberally in favor of disclosure and construe exemptions narrowly, with the agency that seeks to prevent disclosure bearing the burden of demonstrating "that the requested material falls squarely within an exemption by articulating a particularized and specific justification for denying access" (Matter of Capital Newspapers Div. of Hearst Corp. v Whalen, 69 NY2d 246, 252 [1987]; see, Schenectady Cty. Soc. For Prevention of Cruelty To Animals, Inc. v Mills, 74 AD3d 1417 [2010], aff'd 18 NY3d 42 [2011]; Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [2009]). Notably, "the agency does not have carte blanche to withhold any information it pleases" (Freidman v Rice, 30 NY3d 461, 475 [2017] [citations omitted]), and its response may not "merely parrot" the statutory language of the FOIL exemptions (Matter of West Harlem Bus. Group v. Empire State Dev. Corp., 13 NY3d 882, 884

3

[* 3]

[2009]). Rather, the agency must sufficiently describe the documents withheld and state the reasons for withholding them (see, Matter of Moody's Corp. v New York State Dept. of Taxation & Fin., 141 AD3d 997, 999 [2016]; Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984 [2009], lv denied 12 NY3d 712 [2009]).

In support of its contention that the 11 documents are exempted from disclosure as privileged attorney-client communications and attorney work product, respondent submits the affidavit of Kathleen Kiley, an attorney who is employed by respondent as Counsel to the Board of Parole. Kiley avers that each of the 11 documents, was prepared for utilization in training sessions for Board of Parole Commissioners with regard to the legal standards to be applied during parole interviews and deliberations. Kiley specifically identifies each of the withheld documents in her affidavit and explains in detail the manner in which each is claimed to be exempt from disclosure as privileged attorney work product and/or attorney-client communication. Kiley's affidavit establishes, and the Court's review of the *in camera* documents confirms, that the withheld documents were submitted in confidence to the Board of Parole Commissioners, contain discussion and analysis of the relevant statutes, regulations and case law to be applied during the parole determination process, and set forth legal advice and strategies relating to the interview and decision-making procedure. Viewing the communications set forth in the 11 documents in their full content and context, the Court concludes that the materials are clearly the unique product of an attorney's professional skills and were confidentially disseminated to the Board of Parole Commissioners for the purpose of rendering legal advice (see, Matter of Gilbert v Office of the Governor of the State of NY., 170 AD3d 1404 [2019], 1405-1406; Matter of Gartner v New York State Attorney General's Off., 160 AD3d 1087, 1091-1092 [2018]; Matter of Shooters Committee on Political Educ. v Cuomo, 147 AD3d 1244, 1246

4

[2017]). Accordingly, they were properly withheld by respondent as exempt from FOIL disclosure as privileged attorney-client communications and attorney work product. In addition, as the documents contain counsel's recommendations and were disseminated confidentially in furtherance of the decision making process prior to final determinations, they are also exempt from FOIL as intra-agency materials (see, Gartner v New York State Attorney Gen.'s Office, 160 AD3d at 1091–92 [2018])

As for petitioner's request for an award of attorney's fees, Public Officers Law § 89 (4) © authorizes the Court to award reasonable attorney fees against a State agency where the litigant has "substantially prevailed" in the FOIL proceeding and "the agency failed to respond to a request or appeal within the statutory time" (Cobado v Benziger, 163 AD3d 1103, 1004 [2018]). A petitioner 'substantially prevail[s]' under Public Officers Law § 89 (4) © when it receives all the information that it requested and to which it is entitled in response to the underlying FOIL litigation (see, Matter of Competitive Enter. Inst. v Attorney Gen. of New York, 161 AD3d 1283, 1286 [2018]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 196 [2011]). Here, as part of the stipulation of settlement, petitioner agreed to voluntarily waive any claim for attorney's fees relating to the documents that respondent voluntarily disclosed after this proceeding was commenced. Thus, petitioner's request for attorney's fees under Public Officer's Law § 89 (4) (c) must be assessed only with regard to the 11 documents that formed the basis of this decision. Inasmuch as the Court determined that respondent properly withheld these documents as exempt under FOIL, petitioner cannot be deemed to have substantially prevailed herein. Accordingly, petitioner's request for attorney's fees is denied.

For the foregoing reasons, it is

5

[* 5]

ORDERED AND ADJUDGED that the petition is denied, without costs.

This constitutes the Decision & Order of the Court, the original of which is being transmitted to the Albany County Clerk for electronic filing and entry. Upon such entry, plaintiff's counsel shall promptly serve notice of entry on all other parties (see, Uniform Rules for Trial Courts [22 NYCRR] § 202.5-b [h] [1], [2]).

ENTER

Dated: June 26, 2020

HON. CHRISTINA L. RYBA
Supreme Court Justice

06/26/2020

6